SELLON & CO. V. BRADEN, ADMINISTRATOR.

1. JOINT OBLIGATION: ACTION AFTER DEATH OF AN OBLIGOR. At common law an action could be maintained on a joint obligation, after the death of one of the obligors, only against the survivors: but under § 2764 of the Revision of 1860, an action may be maintained against either the administrator of the deceased obligor or the survivors; whether the death occurred before or after the taking effect of the Revision.

*Appeal from Lucas District Court.*

THURSDAY, JUNE 12.

THE facts are stated in the opinion of the court.

*Casady & Polk* for the appellants.

I. No suit can be maintained against the representative of a deceased joint obligor, the other obligors being alive. This question is well settled at common law. 1 Chit. Pl., 50; 1 Pars. Cont., 28, and the cases there cited.

II. The court erred in entering up judgment against the defendant, as administrator. The only order that could be entered up would be one allowing the claim, and directing

the administrator to pay it out of the funds in his hands. *Voorhees & Co.* v. *Ewbanks' Executors,* 6 Iowa, 274.

The estate was released from all liability on the joint obligation, before the Revision of 1860 became a law, and that liability cannot now be revived.

*Warren S. Dungan* for the appellee, argued, that whatever may have been the common law touching the liability of an administrator of a joint obligor, on the joint obligation, the right to maintain this action is clearly settled by the provisions of § 2764 of the Revision of 1860.

LOWE, J. — Upon application, a new hearing was granted in this cause, and upon a still closer inspection of the record, and examination of the question presented, we have been brought to the same general conclusion, and must again affirm the judgment below.

The plaintiff's claim consists of a joint obligation against three persons, one of whom had died prior to the taking effect of the new Code of 1860, and the defendant, Braden, was appointed his administrator. Against him, alone, proceedings were commenced before the county court, on said obligation, and were brought by appeal into the District Court, where a final judgment was rendered against the administrator for the amount of plaintiff's claim.

The important question for our determination is whether the estate of the deceased obligor can be made liable at all, it being shown that the other two joint obligors are alive.

The appellant insists that the rule at common law is, that when two or more persons are bound jointly to pay a sum of money, and one of them dies, his death not only severs the joinder, but terminates the liability which belongs to him, so that it cannot be enforced against his representatives.

In such a case it is claimed that the whole debt becomes the liability of the survivors alone, and if they pay the

whole, they have, at law, no right of contribution against the representatives of the deceased, for this would be an indirect revival of a liability which death has wholly terminated.

To sustain this view of the case, he refers to 1 Parsons on Contracts, 28, 29 and 30; 1 Sid., 238; 2 Mass., 572; 14 Barb., 644. It must be remembered, however, that this suit was brought under the Code of 1860, § 2764 of which has changed the above common law rule, and permits the holder of such paper to institute his suit against any one or all of said joint obligors, and if any of them are dead, then it may be brought against any or all the survivors, with or against any or all of the representatives of the decedent.

It is said, however, in answer to this, that the decedent had died in July, prior to the taking effect of the law, in September following, and that the passage of this law cannot have the effect to revive a liability that had already terminated. Our reply to this position is, that, although the liability of the decedent had terminated, as stated, under the stern rules of the common law, yet that it had not, under the more benign and equitable principles of chancery law, and that the holder of this paper, finding the survivors insolvent, might appeal to the equity side of the court for his remedy against the estate. 1 Story Eq. Jur., § 162; 2 Denio, 577; 1 Williams on Executors.

We see no reason, therefore, for turning the plaintiff over to his remedy in equity, when that remedy, by a change of statute, has been so modified, and that, too, before this suit was brought, as to enable the plaintiff to avail himself of it at law.

Judgment below affirmed.