ARMSTRONG v. PIERSON *et al.*

1. EXCEPTIONS TO INSTRUCTIONS. The Supreme Court will not review instruction given by the Court below, to which there was no specific exception at the time. A general exception raises no question as to instructions, if any one given is correct.

2. VERDICT OF JURY. The District Court has power to put the verdict of a jury in form, without changing the legal meaning or effect of the same.

*Appeal from Des Moines District Court.*

SATURDAY, JANUARY 9.

REPLEVIN. Verdict and judgment for defendant, and plaintiff appeals.

*C. Ben Darwin* for the appellant.

*Tracy & Hillhouse* for the appellee.

WRIGHT, Ch. J. — Taking all the instructions asked and given, in connection, we find no error of which appellant should complain. If they were ever so erroneous, however, they are not properly before us for examination. On pages 12 to 16, inclusive, we find the instructions asked by the respective parties, eight by plaintiff, and seven by defendant, all of which were given. None of these instructions were marked "excepted to;" nor is there anything in connection with them to indicate that plaintiff objected at the time. In another part of the record, containing a bill of exceptions, there is this language: "The giving and refusing and modifying of instructions *excepted to* were duly excepted to at the time of so doing." Unless all the instructions given at the instance of defendant were erroneous, we are very well satisfied that such an exception presents no question for our review. No specific instruction was "excepted to," within the meaning of the language above quoted, and hence there is nothing to which the

words " were duly excepted to at the time of so doing " can
with any appropriateness or accuracy apply.   It is not pre-
tended that all the instructions are erroneous.   If the in-
struction complained of had been marked " excepted to,"
as contemplated by section 3109 of the Revision, it would
have been legitimately before us for examination.

Hillhouse (one of the defendants), as Sheriff, levied upon
the property in controversy, under an execution against
one Abner Pierson.   The action was first commenced
against John Pierson, with whom the property had been
left, and the Sheriff was afterwards made a party.   Hill-
house alone answered, and a jury was sworn to try the
issue thus joined.   The defense was that a pretended sale,
under which plaintiff claimed, was made by the execution
defendant with the intent to hinder, delay and defraud
creditors.   The verdict, as returned by the jurors, was as
follows: " We, the jury, find the right [of possession] to
the property in controversy in the defendant [Hillhouse],
and value the same at nine hundred dollars."   The parties
agreed that the verdict might be put into form by the
Court.   The Court inserted the words " of possession " and
" Hillhouse," as found in brackets above, to which defend-
ant did not agree, and this action he now assigns as error.

The jurors were sworn to try the issue joined.   This was
between plaintiff and the one defendant, Hillhouse.   The
insertion of this name, therefore, in no manner changed the
legal meaning or effect of this verdict, and in this, as a con-
sequence, there was no error.

Hillhouse claimed no other right to the property than
as Sheriff, under his levy.   When the jury found the right
in him, therefore, under the issue joined, they must have
referred to the possession, and not the title.   It is not a case
where the title might have been in the defendant, and the
right of possession in plaintiff, or another.   Plaintiff claimed
possession under his title; defendant, as against such,

claimed right under his writ. Under such circumstances, the meaning of the jury could not well be misunderstood. In view of the pleadings, and the certain data given by the verdict as returned, there was no reasonable ground for difficulty in arriving at their actual meaning and intention. It expressed their intention unmistakably, and this is sufficient. The Court had the power to put it in form, if necessary, without any agreement. Rev., §§ 3084, 3085. And see *Fromme* v. *Jones*, 13 Iowa, 474; *Cassell* v. *Western Stage Co.*, 12 Id., 47.

Affirmed.