MARTIN & BRO. v. DAVIS & Co.

1. Judgment: COPARTNERSHIP. The fact that a judgment on a firm debt was rendered against only a part of the members of the firm does not affect the equitable right to have the partnership property subjected to its payment.

2. Execution: LEVY: CUSTODIA LEGIS. Property in the hands of a receiver appointed by the court is not legally liable to seizure by an officer under an execution.

*Appeal from Lucas District Court.*

THURSDAY, DECEMBER 20.

THIS is a contest between creditors of the firm of E. K. Gibbon & Co., which firm was composed of E. K. Gibbon, John B. Custer and Wm. H. Gibbon. Both parties were alike creditors of the said firm. Martin & Bro. obtained a judgment upon their claim on the 7th day of March, 1862, by confession made by E. K. Gibbon and John B. Custer, against whom alone the judgment was rendered. On the 30th day of April, 1862, S. C. Davis & Co. obtained a judgment upon their claim against the firm of E. K. Gibbon & Co. In October, 1862, Martin & Bro. caused execution to be issued upon their judgment against E. K. Gibbon and John B. Custer, and thereunder a person who held in his hands property, notes and accounts due the firm of E. K. Gibbon & Co. was duly garnished. The said garnishee made his answer, and, pursuant to an order of court thereon, delivered the property in his hands to a receiver thereof appointed by the court, who was directed to collect the same and pay over the proceeds to Martin & Bro. In May, 1864, S. C. Davis & Co. caused execution to be issued on their judgment against E. K. Gibbon & Co., and thereunder the sheriff levied upon and seized the said property in the hands of

the receiver.   Martin & Bro. thereupon filed their motion to discharge the levy and have the property appropriated to the payment of their judgment.   On the hearing of this motion the court ordered two-thirds of the property, or so much thereof as should be necessary to pay their judgment, to be appropriated to Martin & Bro., and the balance to S. C. Davis & Co., so far as necessary to pay their claim.   Both parties excepted to the ruling, but S. C. Davis & Co. only have appealed.

*Perry & Townsend* for the appellants.

*Polk & Hubbell* for the appellees.

Cole, J.—The appellants claim, that, although their judgment was junior, and the levy of their execution subsequent to the appellees' judgment and levy, they are nevertheless entitled to priority, because of the equitable rule which applies partnership property to the payment of partnership debts, and in preference to the separate debts of the members of the firm.   Conceding the rule to the full extent as claimed by appellants, there are still two sufficient reasons for affirming the judgment of the District Court.

First, the claim of Martin & Bro. upon which their judgment against E. K. Gibbon and John B. Custer was rendered, was a debt due from the firm of E. K. Gibbon & Co., and was therefore a *partnership debt* as much as the appellants' claim.   The fact that the judgment was rendered against only two members of the firm, would not affect the *equitable* right to have the partnership property subjected to its payment. The rule in equity does not regard the form of the judgment, but the *substance* of the debt.   Looking alone to the substance of the claims or debts of the respective parties, they are precisely equal in equity; both are partnership

*1. JUDGMENT: copartnership.*

debts. Especially is this true under our statute, which holds the partner not sued or included in the judgment still liable. Rev., § 2764, last clause; *Sellon & Co.* v. *Bradon*, 13 Iowa, 365. But the appellees have obtained the first judgment and levy, and hence have the better right; for, when the equities are equal, the prior legal right is preferred.

And second, the property levied upon by the appellants, was, at the time of their levy, in the hands of a 2. EXECUTION: receiver appointed by the court. It was there- levy: custodia legis. fore in the custody of the law, and not properly or legally liable to seizure by an officer under an execution. Drake on Attachments, §§ 492, 509, and authorities cited. See also, Rev., § 3197. The appellants ought not to acquire a legal advantage by an illegal act. They might have secured the recognition and enforcement of their rights in the attached or garnished property, by application on petition or motion to the court having custody of it. Having improperly seized the property by levy under execution, the appellants were not prejudiced by the order of the court made on the motion to discharge the levy and release the property from it.

As to whether Martin & Bro. were or not entitled to the whole of the garnished property, instead of only two-thirds of it, as adjudged by the District Court, is not now before us, since they have not appealed.

Affirmed.