## RYERSON v. HENDRIE.

I. PER COLE, J., LOWE, CH. J., and WRIGHT, J., concurring.

1. **Parties:** ACTION AGAINST PARTNER: CONSTRUCTION OF STATUTE. Section 2764, Revision of 1860, providing that when two or more persons are bound by contract, etc., whether jointly only, jointly and severally, or severally only, etc., the action thereon may, at the option of the plaintiff, be brought against any or all of them, etc., applies to partnership obli-

gations, and suit may be brought against one partner *alone*, upon a partnership note executed in the firm name.

*Argu.* 1. CHARACTER OF FIRM LIABILITY. The partnership liability is a joint one, and when the partnership name is signed to a note, "two or more persons" thereby become "jointly bound."

*Argu.* 2. STATUTE. Section 2785, Revision of 1860, which provides that a copartnership may sue or be sued in its firm name and also in the names of its individual members, does not, when fairly construed, take the liability of partners out of the operation of section 2764.

II. PER DILLON, J., dissenting.

2. —— Section 2764, Revision of 1860, does not embrace partners, but refers to instruments signed by several distinct persons in law, and an action cannot be maintained against an individual partner *alone*, upon an obligation of the firm.

### Appeal from Des Moines District Court.

### TUESDAY, JULY 2.

SUIT against one partner upon a partnership note, signed by the defendant in the firm name. The District Court held that no action could be maintained on a firm note against one member of the firm when sued alone; and refused to permit the note to be introduced in evidence. The plaintiff excepted and appeals from this ruling.

*Strong & Smythe* for the appellant.

*Charles H. Phelps* for the appellee.

COLE, J.—The petition alleges that the defendant, who was a member of the firm of C. Hendrie & Co., made and delivered to J. S. Ryerson, a promissory note for $656.87 in the copartnership name of C. Hendrie & Co., of which a copy is annexed, and which is past due and wholly unpaid. The sole question presented and discussed by counsel is, whether such a suit can be maintained.

1. PARTIES: action against partner: construction of statute.

Ryerson v. Hendrie.

That it could not be maintained at the common law is clear, and indisputed by counsel in this case. Has our statute changed the rule? Rev., § 2764. "When two or more persons are bound by contract, or by judgment, decree or statute, whether jointly only, or jointly and severally, or severally only, and including the parties to negotiable paper, common orders, and checks, and sureties on the same or separate instruments—the action thereon may, at the plaintiff's option, be brought against any or all of them. When any of those so bound are dead, the action may be brought against any or all the survivors, with any or all of the representatives of the decedents, or against any or all such representatives. An action or judgment against any one or more of several persons jointly bound, shall not be a bar to proceedings against the others." This section is full of innovations upon the common law, as to the nature or relation of liability, the right of action, and the effect of judgment. The language of the section, when fairly construed, embraces partners.

That the liability of partners is a joint liability, there can be no question. Where the partnership name is *Argu. 1.* *Character of firm liability.* signed by one of the partners, to a note made in the due course of the partnership business, thereby, two or more persons are bound jointly, and by the operation of this section, such joint liability is made several, and the right given to bring the action thereon against any or all of them. This is the *fair*, and not necessarily the liberal, construction of the language of the section. But, by express statute, the provisions of the Code are to be liberally construed. Rev., §§ 2622, 5112, 5113.

The question, however, still remains, whether the provisions of the Code in relation to partnership *Argu. 2.* *Statute.* are such as, when fairly construed, take the

liability of partners out of the operation of the section quoted above.

Rev., § 2785. "A copartnership may sue or be sued in its firm name, and when so sued, the individual property of any member of such firm may, on *scire facias*, be made liable to the judgment, unless he show cause to the contrary. A copartnership may also sue or be sued in the individual names of its members." At the common law a partnership could not sue or be sued in its firm name simply; but it was requisite to state also the individual names of the members of the firm. Of course, when the names were thus stated, the lien of the judgment, if any, was easily and certainly ascertained so far as the parties were concerned. The section last quoted gives to the partnership a quasi-corporate power, so far, at least, as the right to sue and be sued in their partnership name. But, since the partners might not be known, and would not be certainly shown by the record of the proceedings or the judgment, it was very necessary, or at least highly proper, that the section conferring this right or privilege should fix also the rights of the parties under it, and this is done by requiring a proceeding on *scire facias* in order to make the individual property of the members liable to the judgment; and then, as if to avoid the possible misconstruction of this right to sue in the firm name, as applicable to and necessary in all cases of partnership, it is added, that they may still sue and be sued in their individual names. This last clause of the section is, in our view, only declarative of what the law would have been had it been omitted; and yet it is hardly just to speak of it as "a work of supererogation," since it is very properly added to prevent a misconstruction of the preceding portions of the section. Nor is it, within any rule for the interpretation of statutes, known to this court, that a declarative clause in one section of a statute

as to one particular, shall have the effect to nullify the plain letter of another section as to another particular, making a material change in the former law. In our view, the language of section 2764 not only justifies us in holding, but requires us to hold, as we do, that the parties to every obligation who are jointly bound therein, whether their joint liability arises from the language of the instrument itself, or results from their previous relations to each other, are liable to be sued severally. This holding is in accordance with the spirit of our previous construction of the same section. *Sellon* v. *Braden*, 13 Iowa, 365; *Ballinger* v. *Tarbell*, 16 Id., 491.

The ruling of the District Court was in conflict with these views, and is therefore held erroneous.

Reversed.

DILLON J., *dissenting*.—The defendant is individually sued upon the following note:

"BURLINGTON, Dec. 26, 1865.

"Ninety days after date we promise to pay to the order of J. T. Ryerson six hundred and fifty-six $\frac{37}{100}$ dollars,

(Signed.)        "C. HENDRIE & CO."

The petition is in the usual form. No reason is averred why defendant is individually sued. Plaintiff claims the right under the statute to bring suit against the defendant alone, and further claims that he is not obliged to bring suit against either the copartnership in its firm name or against the individual members composing it. Rev., § 2785. This is the first time that the question has been presented for the decision of this court. I am of opinion that the plaintiff cannot select one member of an existing firm, and sue him individually, upon a note executed in the

firm name.  The majority opinion bases the right to do this, solely upon section 2764 of the Revision, which is quoted in that opinion and need not be repeated.  The majority hold that "the language of this section when fairly construed embraces partners." .In my judgment this section does not embrace partners, but refers to instruments signed by several distinct persons in law.  My reasons are briefly these :

1. Partners are not mentioned in section 2764.  It reads "two or more persons," not partners.

2. The common law made many nice distinctions between joint, joint and several, and several obligations.  Thus, if two signed a *joint* contract all *must* be sued, or the defendant could plead in abatement.  Then, also, if two or more signed a *joint and several* contract the plaintiff must, by the common law, sue each separately or all together.  Then, also, if two or more signed a *several* contract, not joint, a joint action against all could not be maintained.  Nor could representatives be joined with survivors.  Now, it was to abolish these distinctions that section 2764 was enacted.  If partners had been intended it seems strange they should not have been mentioned.

3. Section 2764 occurs in the chapter on *parties*.  In the majority view it embraces partners, and gives the right to sue each or all, or any number of them.  Then why, if this be so, is there express provision made for the case of partners in the same chapter in "*parties to an action ?*" Why, in section 2785, is it provided that, "a copartnership may also be sued in the individual names of its members?"  The majority reason is, to prevent possible misconstruction.  If so, why did it not read thus: "A copartnership may be sued in the individual name of its members" *or any of them may be sued individually.*  In my judgment, section 2785 was intended to regulate the right of partners to sue and their liability to be sued, and

the mode; and, being a distinct provision as to partners, the inference is quite clear and satisfactory to my mind, that the case of partners is not embraced and was not intended to be embraced in the prior section (2764) relating to joint and several liabilities by two or more distinct persons.

4. The majority view will, I fear, lead to embarrassing difficulties with respect to the rights of firm and individual creditors. If the plaintiff recovers against Hendrie alone, is the firm property or is the individual property of Hendrie primarily liable? Can execution be levied at once on the individual property of Hendrie, if there is abundant firm property on which it may be executed? Can Hendrie object? Can the firm creditors insist that the debt has lost its character as a firm debt by the voluntary action of the plaintiff in suing one of the members alone? Can Hendrie, if sued alone, plead a set-off held by him individually against the plaintiff? If the firm of "C. Hendrie & Co." have a set-off, may Hendrie if sued alone, also plead this? If he pleads payment or other defense, and fails, is the result conclusive against the firm in a suit afterward, against it? If he succeeds, is the plaintiff concluded by the result, if he afterward sues the firm or the other members? Whether plaintiff succeeds or fails in this action against Hendrie alone, can he afterward sue. *the firm* (which would include Hendrie) or the individual members of the firm, under section 2785, which would also include the present defendant? I can see no reason for holding the majority view, and the above suggestions and queries will show to what great confusion and disorder it will lead. With unaffected deference to the opinion of my brothers, I am nevertheless most reluctantly, yet most clearly, led to a different conclusion.