### REDMAN & FEAR v. MALVIN & CLOUD.

1. Instructions: GENERAL EXCEPTION TO. A general exception to several instructions, some of which are correct, raises no question for review by the Supreme Court.

2 Contract: EFFECT OF RESCISSION. If the parties to a contract for the sale and delivery of personal property, waive the same by agreement, the vendor must, in the absence of a contrary stipulation, refund to the vendee money already paid by him on the contract thus rescinded.

3. Pleading: SET-OFF AND COUNTER CLAIM. A defendant may plead as a set-off or counter claim against a plaintiff, a claim arising on contract, which would constitute in his favor a cause of action against the plaintiff *and others jointly bound with him.*

Redman & Fear v. Malvin & Cloud.

*Appeal from Delaware District Court.*

FRIDAY, DECEMBER 6, 1867.

PLAINTIFFS claim damages in the sum of $1,500, for the non-delivery of cattle under a contract made with defendants, March 18, 1865. Trial and verdict for plaintiffs, in the sum of $1,381.36. Motion for new trial over ruled, judgment on the verdict, and defendants appeal.

*Wilson & Doud* for the appellants.

*W. T. Barker* and *O'Neil & Cragin* for the appellees.

WRIGHT, J. — The errors assigned relate to the instructions given at plaintiffs' instance, refusing those asked by defendants, and the sufficiency of the evidence to warrant the verdict.

I. Appellees insist that the exception alleged to the instruction given at their instance, is too general, and 1. INSTRUC- that this court will not, under the rule settled TIONS: general exception to. in *Davenport Gas Co.* v. *City of Davenport,* (13 Iowa, 229, and cases following it,) review the same. The objection being thus made, and in our opinion well taken, we are not at liberty to disregard it, whatever our opinion of the law as given in said instructions. Plaintiffs asked eight instructions, all of which were given as asked, except the fifth, which was given with a modification. Then follows two instructions asked by defendants — the first modified, and the second given as asked. The bill then recites that " defendants thereupon duly excepted to the giving of said plaintiffs' instructions, as given by the court, and altering the instruction asked by defendants."

This form of excepting to plaintiffs' instructions raises no question for our review. Than this, few questions have been more frequently or conclusively settled by this court. See the case above cited; also *Armstrong* v. *Pierson*, 15 Iowa, 476; *Lyons* v. *Thompson*, 16 Id. 62; *Sheppard* v. *Brenton*, 20 Id. 41; *Spray* v. *Scott*, Id. 473; *Brown* v. *Jefferson Co.*, 16 Id. 339. There is no pretense that all of said instructions are erroneous.

II. Defendants' first instruction was changed, but they can hardly seriously claim that as thus modified it mis-

2. CONTRACT: effect of rescission. stated the law. Some money was paid on the contract to deliver the cattle. Defendants claimed that by a subsequent arrangement they were released from their contract to deliver. The court charged in this connection, that though thus released, they would not be authorized to retain the money thus paid. And that this is the law, in the absence of contract, there can be no doubt. If it was a part of the terms of the contract to release, that they were to have the money paid, of course they would not be liable. But if the parties merely agreed to waive the contract for delivery, and defendants were not liable, by reason of such subsequent contract, for their failure to deliver, they might still be held to refund the money advanced.

III. Was the verdict against the evidence? We think most clearly so. There is not in our minds a shadow of

3. PLEADING: set-off and counter claim. doubt, but that the contract of March 18th was superseded and waived by a new one made April 3d, of the same year. By the latter contract defendants were to deliver the cattle to plaintiffs and Gadsden & Co. It was in writing and signed "Gadsden & Co., George Redman, Robert Fear." The cattle by the new contract were to be delivered at the time fixed by the first. And that they were thus delivered and tendered under the last contract, there

is not the least doubt. By the last, defendents were to have seven and one-eighth; by the first, seven cents, per pound for the cattle.

What object plaintiffs had in making the new contract is not disclosed. Probably because cattle were declining and they desired some one to divide the loss with them. However this may be, it is clear, that they waived the first contract and had no right to insist upon its fulfillment. It is just as clear that they were liable with Gadsden & Co. jointly, but not as partners.

This being true, defendants could hold them liable in this action, for the damages sustained for not receiving the cattle. That is to say, though others may have been jointly liable with them, defendants could recover their damages in this action against them. See the Law of set-off and counter claim. Rev. §§ 2886, 2889, 2764. Defendants could have sued plaintiffs on this contract, and if so, they could set up their counter claim and hold them for their refusal to receive. And within the rule recognized by a majority of this court in *Ryerson* v. *Hendrie* (22 Iowa, 480), this would be true, though the contract was made with the new parties as a partnership.

But without going to this extent we are satisfied— thoroughly so — that they did not contract as partners; that the jury should have so found, and allowed defendants their damages. We do not stop to inquire what these were. They were allowed nothing, but plaintiffs recovered the whole amount of the money advanced, with interest, without the least deduction. This was error and the cause will be remanded for a new trial.

Reversed.