## TOWNSEND and Others *v.* McINTOSH and Others.*

Where, in a proceeding in chancery under the former practice, there was no
exception to the answer of heirs who were made parties in lieu of their de-
ceased parent, and no other means was resorted to to test its sufficiency,
but a replication was filed taking issue upon it, it was *held* that no objection
could be raised in the Supreme Court on account of any variance between
the answer of the original defendant and that of the heirs.

---

*A petition for a rehearing of this case was filed on the 4th of *January*, and
overruled on the 3d of *May*, 1860.

Nov. Term,
1859.

TOWNSEND
v.
MCINTOSH.

It was a rule of evidence in chancery proceedings, that the answer of one through whom others claim must be taken, as against them, to be *prima facie* true.

Under this rule, the answer of one through whom others' claim would be considered as evidence against them, so far as the facts stated were relevant to the issues made upon their answer.

The complainant in chancery cannot introduce evidence tending to contradict a positive averment or charge in his bill.

Where the defendant does not profess to answer from his own knowledge, it did not require two witnesses to overcome a denial in his answer.

Saturday,
December 3.

ERROR to the *Allen* Circuit Court.

HANNA, J.—This was a suit in chancery under the old practice, originally brought by *McIntosh* against *Barbara Townsend*, to set aside a deed for a tract of land, made by one *Wolcott* to said *Barbara*, after the death of her husband, *Joseph*, on the ground that the land had been purchased by said *Joseph*, and paid for by him in his lifetime, and so conveyed after his decease, in fraud of the rights of his creditors, among whom was said complainant.

During the progress of the cause, said *Barbara* died, and her heirs were made defendants. They came in and answered, denying that the property was paid for by said *Joseph* out of his own money, and denying all fraud, but admitting that the property was, as charged in the bill, entered by one *Wolcott*, under some arrangements by which said *Townsend* took possession of, occupied, and improved said land from 1828 until 1843, when *Joseph* died, and averring that the money which paid for the same was that of *Barbara*, their mother, derived from certain legacies received within the time aforesaid; and that it was understood between said *Joseph* and said *Barbara* that the said money should be appropriated to the payment for said land, and the deed taken in her name.

Before her death, the said *Barbara* answered the bill substantially as follows: That *Wolcott*, about the time named, purchased said land, but from whom she did not know. She denied any knowledge of any agreement at the time of the purchase, or afterwards, by which the same was so purchased "solely for the accommodation of said *Joseph*, or was to be sold to said *Joseph*." She admitted

that said *Joseph* took possession of said land about the time charged, but by whose approbation she did not know, nor did she know of his having purchased said land of said *Wolcott*, or paid him anything therefor, nor that he held the same in trust for said *Joseph*. She admitted that said *Joseph* made improvements on said lands, but says they were of less value than charged; and that certain of said improvements had been made since his death. She admitted that *Wolcott*, after the death of her husband, made a deed to her for said land in consideration of the payment to said *Wolcott* by her of the sum of 200 dollars. She denied that said deed was executed because of the payment of the consideration-money by said *Joseph* in his lifetime, and denied all fraud, &c.

It is insisted that there is a substantial variance between the facts set up in the answer of said *Barbara*, and the matters relied on in the answers of her heirs, and that said heirs are estopped, by her answer, from setting up any contradictory statement of facts, in defense to the merits of the original controversy, to that she saw proper to rest upon. This presents the first point.

There were no exceptions to the answers of the heirs; nor was any other mode resorted to to test the sufficiency of those answers. A replication was filed taking issue upon them. We think it is now too late to attempt, for the first time, to raise that question.

The cause was submitted, as the record states, upon "bill, answer, replication, and depositions." There was no decree of revivor; but there was a finding and decree that the defendants should pay the debt of plaintiff, and of several other creditors, who came in under the bill within thirty days, or, in default, that said land be sold under execution as on judgments at law.

The case was heard before the new code of procedure was in force; and we must, therefore, examine the evidence, which is in the record, to determine whether the finding and decree is correct.

It is not shown how much personal property was left by the decedent. The bill charges that only about 60 dollars'

worth was left, and that was taken by the widow under the appraisement. The answers of the heirs admit that was all that came to the hands of the administrator, but aver that more was left by the decedent, upon a portion of which executions were levied, &c. The said *Barbara's* answer admits the allegations in the bill, in regard to the amount of personal property, to be true.

We understand the rule of evidence in chancery proceedings to be, that the answer of one through whom others claim, must be taken, as against them, as *prima facie* true. *Earl of Sussex* v. *Temple*, 1 Ld. Raym. 310.— *Countess of Dartmouth* v. *Roberts*, 16 East, 334.—1 Greenl. Ev., § 178, and authorities there cited.

Under the form of submission, in the case at bar, we think the plaintiff had, as against these heirs, to be considered as evidence, the answer of *Barbara Townsend*, and the depositions, so far as the facts stated were relevant to the issues made.

The complainant introduced the deposition of *Wolcott*, who testified that in 1826 or 1827, he entered an eighty-acre tract of land, description not recollected, in *Allen* county, afterwards occupied by *Townsend*, at whose request he made the entry, and for which he was to pay witness 150 dollars, and witness was to make him a deed.

Over the objection of defendants, this witness was permitted to testify that according to his opinion and recollection, he did make and send a deed to said *Townsend* for said land.

Witness also stated that, after the death of *Townsend*, he made a quitclaim deed for said land to the widow of said *Townsend;* and he also stated that the year before *Townsend* died, he spoke to the witness about wishing him to make the deed to his wife, because the purchase-money had belonged to his wife, and on that account he wished the deed to be made, &c.

The witness did not state directly that he had ever received pay for the land, but did say that he had no recollection of ever receiving any money from Mrs. *Townsend.*

The complainant also introduced the deposition of *Ru-*

*fus McDonald*, who testified that at about the time of the
death of *Townsend*, or not more than a year or two before,
the personal property he had about him might have been
worth 500 or 600 dollars.

He also introduced the deposition of *Elisha B. Harris*,
who testified, over the objection of defendants, that he had
seen a title deed for the land *Townsend* lived on, as he un-
derstood it, from said *Wolcott*. This was some four or six
months before *Townsend* died, and [the deed] was shown
to witness by him, and was dated a year or two before
that time. Witness does not know what became of it.

This evidence, and that of *Wolcott*, in reference to his
having made and sent a deed to *Townsend*, if offered for
the purpose of contradicting an averment in the bill, was
not proper. It did not tend to establish any issue made in
regard to the execution of a deed; and to the reverse, it
tended directly to contradict a positive charge in the bill,
which was, that no deed had ever been made by *Wolcott* to
*Joseph Townsend* before his death. The answers did not
make an issue upon that averment.

It is stated in 2 Daniel's Ch. Pr., side p. 974, in reference
to such charges, that "whether they be true or not, the
plaintiff, by introducing them into his bill, and making
them part of the record, precludes himself from afterwards
disputing their truth."

Putting out of view the evidence that a deed was made
to *Townsend* during his lifetime, the question is whether
the evidence is such as, under our repeated decisions, sus-
tains the decree, upon the issues made by the answers of
the heirs, &c.

The allegations in the bill that *Townsend* paid for the
land are not directly denied, nor are they admitted, by the
answers; but it is averred that whether he made said pay-
ment or not, it was, whenever made, so made with the
separate money of *Barbara*, &c. The defendants do not
profess to answer from their own knowledge, and were not,
therefore, in such a position that a denial, in their answers,
would require two witnesses, &c., to overcome the same.
*The State* v. *Holloway*, 8 Blackf. 48.

We think, in this view of the case, that the plaintiff made out a *prima facie* right to recover.   The allegations in the answer, not in response to the averments in the bill, required proof upon the part of the defendants.   None such was offered.   We are, therefore, of opinion that the decree below should be affirmed.

*Per Curiam.*—The decree is affirmed with costs.

*D. H. Colerick*, for the plaintiffs.

*L. M. Ninde* and *H. W. Puckett*, for the defendants.