JOSEPH SPANGLER, Plaintiff in Error, *v.* GEORGE EICHOLTZ, Defendant in Error.

### ERROR TO MACON.

A miller who receives grain and manufactures it for his customers, when it is left for that purpose, is held to an implied promise that he will use reasonable care and diligence for its preservation, and that he will return it on demand.

THIS is a suit originally commenced before a justice of the peace, by the defendant in error, against the plaintiff in error, to recover the value of eight bushels of wheat. Trial by justice, and judgment for plaintiff in error. Appealed to Circuit Court of Macon county by defendant in error. Trial by jury, and verdict for defendant in error for four dollars; upon which, judgment was entered for four dollars and costs of suit.

Upon the trial in the Circuit Court, the defendant in error proved by *Van Lear* that he had taken four sacks, supposed to contain wheat, to plaintiff's mill; sacks would hold about eight bushels; that witness saw the defendant marking the sacks with a corn cob and red ink, with the letters G. E.

Defendant also proved by *George Page*, that in the last of March, or first of April, 1858, witness went to plaintiff's mill and asked for defendant's grist, and described the sacks. Homberger, the miller, said he did not know anything about the

grist, but told witness to look and see if he could find sacks of the description mentioned. Witness then looked and found four sacks marked with the letters G. E., which contained bran. Did not know whether all the sacks were marked or not. Called Homberger's attention to the sacks, and asked where the flour was. Homberger said he did not know. Did not know that defendant had any grist at the mill. Witness then took the four sacks of bran and delivered them to defendant.

Defendant also proved by *Garver* that wheat, in the latter part of March or first of April, was worth from forty to sixty cents per bushel.

Plaintiff proved by *Homberger* that he was miller in plaintiff's mill during the winter and spring of 1858. Did not know of defendant's bringing wheat to plaintiff's mill in March or April, 1858. That defendant never informed witness of having brought or left a grist at plaintiff's mill. Recollects the time that George Page came to the mill and inquired for a grist for defendant. The sacks that George Page took away were not marked by distinct letters. Did not know what was in the sacks.

The court then instructed the jury for the defendant, that if the jury believe, from the evidence, that plaintiff left wheat at defendant's mill in the usual or customary way, then the defendant is liable for the loss of the wheat, and actual notice by the plaintiff to the defendant or his miller is not necessary to make the defendant responsible for the safe keeping of the wheat.

The court then refused to instruct for plaintiff that the court instructs the jury that in order to find against the defendant, they must believe, from the evidence, that at the time the grain was left in the mill by the plaintiff, that he gave notice to the defendant.

Verdict and judgment for defendant in error. Motion for new trial overruled by the court, and exceptions taken.

Errors assigned: The court erred in giving said instruction for defendant in error; in refusing said instruction for plaintiff in error; in refusing motion for new trial; and in rendering judgment for defendant in error.

TUPPER & NELSON, for Plaintiff in Error.

A. B. BUNN, for Defendant in Error.

WALKER, J. The evidence in this case shows, that the wheat was left by defendant in error, in the mill of plaintiff in error. It also appears that the sacks which contained the wheat were marked with the initials of the name of defendant in error, and

that the same sacks were found in the mill of plaintiff in error, containing bran. The evidence does not show that plaintiff in error was notified, that the wheat was placed in his mill. This then presents the question, whether plaintiff in error became a bailee of defendant in error, and liable for the safe custody of the grain, after it was placed in his mill, unless notice had been given. Had the evidence failed to show that the wheat had come to his actual custody, a doubt might have existed as to his liability. Had the mill been entered and the grain stolen, before it came to the possession of plaintiff in error, or his miller, a doubt of his liability might have existed. But it appears the sacks which contained the wheat when left, were found there, in the custody of the miller, with the wheat removed, and filled with bran.

From these facts the jury were fully justified in finding that the grain had been in the actual possession of the plaintiff in error. And with a miller who receives grain and manufactures it for his customers, when it is left for that purpose, there is an implied promise, that he will use reasonable care and diligence for its preservation, and will return it on demand. It is not the notice that grain is left in his mill that creates the liability, but it is the fact that it is placed there, and he has learned that fact, which imposes the duty.

The instruction given for the defendant in error does not assert a different rule. It informs the jury that if the evidence shows that the grain was left at the mill in the usual or customary way, although actual notice was not given to him or his miller, he would be liable for its safe keeping. This instruction impliedly tells them that any other than actual notice is sufficient. If it was left there, and the plaintiff in error or his miller by any means, became aware of that fact, this liability attached, and whether it was left in the usual and customary way could make no difference. That portion of the instruction was immaterial, as far as the liability was concerned. If it was calculated in any way to mislead the jury, it was in favor of the plaintiff in error, and he has no right to complain that it was given. This being true, the court decided correctly in refusing the instruction asked by plaintiff in error, as it presents the converse of the proposition contained in the instruction given.

The judgment of the court below is affirmed.

*Judgment affirmed.*