JOHN M. DAUB *et al.*

*v.*

ELIZABETH ENGLEBACH.

*Filed at Springfield March 26, 1884.*

1. EVIDENCE—*former answer in chancery, which has been withdrawn— admissions therein.* An original answer filed by defendants in a bill to foreclose a mortgage, admitting that the mortgage was made on the land for which it was foreclosed, is legitimate evidence to be considered by the court, whether it was sworn to or not, and it matters not that it was withdrawn from the files when a second answer was filed. It is like a letter or other statement in writing admitting a fact.

2. PURCHASER *subject to incumbrance—whether liable to pay the mortgage debt.* A person who purchases land, and agrees to pay off an incumbrance on the same as a part of the purchase price, is liable to the holder of the lien for the sum due him.

3. SAME—*effect of an alteration in the mortgage, as to liability of the purchaser.* Where one purchases land subject to a mortgage given by his grantor, which he is to pay, he will be liable to pay the mortgage debt, even though the mortgage may be rendered void by an alteration, as, another tract of land being included therein.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was a bill by Herman Englebach, against John M. Daub and wife, Joshua Sprague, and Thomas Mosely, to foreclose a mortgage given by one Conrad Daub to Herman Englebach.    John M. Daub, and Caroline, his wife, filed a joint answer admitting the execution of the mortgage to the complainant, but denying it was the mortgage described in the bill, claiming that the mortgage executed had been altered. On a hearing a decree was rendered finding the amount due, and that as to John M. Daub and wife the mortgage was a first lien on the south-west quarter of the north-west quarter of section 9, township 16, range 11; also, the north-east quarter of the north-east quarter of section 17, same township and range; also, the west half of the south-west quarter of section 9, in same township and range; but that as to Mosely and Sprague the mortgage was a lien on the west half of the south-west quarter of section 9, subject to their trust deed made by Daub and wife September 28, 1878, and ordering a sale in the usual form.    This decree was reversed by the Appellate Court, and the cause remanded.    (*Daub* v. *Englebach*, 9 Bradw. 99.)    After this the original bill was amended, and the defendants, John M. Daub and wife, answered the same, to which a replication was filed.    On the second hearing a decree was rendered finding the sum due on the mortgage, and ordering sale of the two first named tracts of land in default of payment of such sum and costs. The other material facts appear in the opinion.

Mr. W. P. CALLON, for the plaintiffs in error:

The alteration of the mortgage in a material part of its execution and delivery, if not shown to have been an act of

spoliation by a stranger, or to have been done with the assent of the mortgagors, rendered it void, and not admissible in evidence. 2 Starkie on Evidence, 271; 2 Stephens' Nisi Prius, 1162; *Montag* v. *Linn*, 23 Ill. 554; Greenleaf on Evidence, sec. 564; *People* v. *Organ*, 27 Ill. 27; *Warring* v. *Smyth et al.* 2 Barb. Ch. 119; *Booth* v. *Powers*, 56 N. Y. 22; *Pyle* v. *Oustatt*, 92 Ill. 209; Bigelow on Frauds, 204.

Messrs. BROWN, KIRBY & RUSSELL, for the defendant in error:

Although a paper introduced in evidence bears marks of having been altered, yet fraud is not to be presumed in the absence of evidence to show it. *Booth* v. *Stanley*, 34 Maine, 115; *Wicker* v. *Pope*, 12 Rich. (S. C.) 387; *Tyren* v. *Rives*, 57 Ala. 173; *Parker* v. *Moore*, 29 Mo. 218.

Where an instrument offered in evidence has the appearance of having been altered, the law raises no presumption as to when or by whom the change was made. This is a question of fact. *Milliken* v. *Marlin*, 66 Ill. 15; *Reed* v. *Kemp*, 16 id. 445; *Gillett et al.* v. *Sweat*, 1 Gilm. 489; *Walters* v. *Short*, 5 id. 256.

A mortgage is not rendered invalid by the fraudulent addition by the grantee of the name of the grantor's wife. *Kendall* v. *Kendall*, 12 Allen, 92; *Jackson* v. *Jacoby*, 9 Cow. 125; *Nichols* v. *Johnson*, 10 Conn. 192; *Gillett* v. *Sweat*, 1 Gilm. 489. See, also, *Crawford* v. *Dexter*, 5 Sawyer, 201; *Cox* v. *Palmer*, 1 McCreary, 431.

The original answer of John M. Daub and Caroline Daub, filed in this case, admits the mortgage on the land described in the decree.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by Herman Englebach, against plaintiffs in error, to foreclose a mortgage. It is alleged that on the 11th of August, 1873, one Conrad Daub,

being indebted to complainant in the sum of $3435.92, by note due in three years from date, to secure its payment executed and delivered a mortgage on lands therein described, and it was duly acknowledged and recorded. It is also alleged that the mortgagor and wife, on the 12th of January, 1876, sold and conveyed the lands described in the mortgage to John M. Daub; that the note was unpaid. The bill further alleges that the record of the mortgage does not properly describe a portion of the land, and sets out the misdescription of one tract, and alleges that Sprague and Mosely claim some interest in this eighty-acre tract by virtue of a trust deed made to them by J. M. Daub and wife, subject, however, to the lien of the mortgage of complainant. An answer was filed by John M. Daub and wife, admitting that a mortgage was made by his father to complainant, but not the mortgage described in the bill, but the one as recorded, and that it, as made, did not contain an eighty-acre tract described in the mortgage set out in the bill; that after it was made and recorded it had been altered, by changing the description from the north-west to the south-west quarter of section 9, etc. Complainant having died, his administratrix was substituted as party complainant. On a hearing, the court decreed a foreclosure of the mortgage, except as to the eighty-acre tract, the description of which was claimed to have been altered. Defendants thereupon removed the record on error to the Appellate Court for the Third District, where, on a hearing, the decree of the circuit court was affirmed, and they bring the record to this court on error, and urge a reversal of the decree of the Appellate Court.

It is urged that the circuit court erred in giving any force to the mortgage; that it was shown that the mortgage was altered, after its execution, in a material part, and as complainant failed to satisfactorily explain and prove the alteration was properly made, the court should have held that the instrument was absolutely void, and it was error to render

any decree enforcing it; that as the mortgagee had always retained possession of the instrument after it was recorded, and it being proved that it was altered, the presumption is that he made the alteration, which rendered it void.  On the other hand, it is claimed that as Daub and wife, in their original answer, admitted that the mortgage was made on the land for which it was foreclosed, they can not now urge that it is invalid.  Plaintiffs in error claim that it was error to admit that unsworn answer in evidence on the last trial, after it had been withdrawn from the files by leave of the court.  We are clearly of opinion that it is wholly immaterial whether the answer was or not sworn to by plaintiffs in error. It, like a letter or other statement in writing admitting a fact, is evidence of the admission.  Nor does it matter that it was withdrawn from the files.  That did not, nor could it, affect the force or truth of the admission.  The answer was legitimate evidence in the case, and properly considered by the court.  It is, however, urged that this answer charges that Englebach, or some one for him, made the alteration.  Concede this to be true, still there was no claim that the mortgage was void, except as to the eighty-acre tract, the description of which is claimed to have been altered.

But the defence is set up and urged by a person who has purchased the land subject to this very mortgage.  If any change was made, it was probably before he purchased, and when he did so, as a part of the purchase money he in effect assumed the payment of the mortgage, and if required to pay the amount of the mortgage debt, he will only be required to pay what he agreed to when he purchased.  It will not wrong him to the extent of a single penny.  It will not be inequitable or unjust.  Even if the mortgage was rendered void, he, in equity, is still liable to pay the debt.  He agreed to do so, and even if the mortgage was rendered void, that did not cancel the debt, nor did it release him from his legal liability to pay it.  This court has repeatedly held that a person pur-

chasing lands, and agreeing to pay off incumbrances on the land as a part of the consideration for the purchase, becomes liable to pay the holder of the lien.

It is urged that the calculation of the amount due under the mortgage is erroneous. We have not been able to detect any material inaccuracy in the amount.

The decree of the Appellate Court is affirmed.

*Decree affirmed.*