## H. JUNEAU v. HENRY STUNKLE.

1. REVIEW — *Weight of Evidence.* Where controverted questions of fact are submitted to a jury upon conflicting evidence, their verdict thereon is conclusive.

2. ASSUMPSIT — *Recovery of Overpayment.* Where a payment is made with the understanding that if at the final settlement it is found to be an overpayment the excess will be repaid, *held*, that where such excess is found, it may be recovered.

3. EVIDENCE — *Pleadings as Admissions.* Where an amended petition is filed, and such amended petition and exhibits attached thereto materially differ from the allegations contained in the original petition, it is not error to permit the defendant to offer the original petition in evidence as the admission of the plaintiff.

*Error from Sumner District Court.*

ACTION by *Juneau* against *Stunkle,* to recover $192.27 alleged to be due on a bill of lumber and building material sold and delivered by the plaintiff to the defendant. The defendant in his answer pleaded payment, and also a counter-

claim for $100, alleged to be an overpayment. Trial at the November term, 1885, and verdict for the defendant for $90.16. New trial denied, and judgment on the verdict for the defendant. The plaintiff brings the case here. Other facts are stated in the opinion.

*Lawrence & Ferguson,* for plaintiff in error.

*Hatton & Ruggles,* for defendant in error.

Opinion by CLOGSTON, C.: The record presents substantially but one question, and that question has been decided by this court so many times that it ought to receive no serious consideration by this court. The allegation of error is that the verdict of the jury is not sustained by the weight of evidence. The record shows ample evidence to support the verdict, and where it does so it is conclusive upon this court.

Plaintiff however contends that the court erred in permitting defendant to offer evidence in contradiction of the written memorandum offered in evidence by the plaintiff. In this there was no error. Defendant had denied this written contract, and his answer was verified.

Plaintiff also assigns as error that the court permitted defendant to offer evidence to show that he had made an overpayment on the bill of lumber purchased, and insists that such payment was voluntary and falls within the rule laid down in *Commissioners v. Walker,* 8 Kas. 431; *Rly. Co. v. Wyandotte Co.,* 16 id. 587; *Comm'rs of Lyon Co. v. Goddard,* 22 id. 399. The difference which plaintiff fails to discover between this case and the ones cited is, that the defendant showed that at the time of making the payments there was some controversy about the amount due, and it was agreed between himself and the plaintiff that if it was finally discovered that the amount claimed by the plaintiff exceeded the amount of the plaintiff's claim at final settlement, plaintiff was to repay the defendant such excess. This agreement brings the case entirely without the rule laid down by this court and referred to above.

A third error alleged is, that the court erred in permitting

defendant to give in evidence the original petition of the plaintiff with the exhibits attached. The record is not very clear as to whether or not the original petition was read in evidence, but it does show that the exhibits attached thereto were read, and it further appears that the agent and book-keeper of the plaintiff testified when on the witness stand on cross-examination that the exhibits so attached to the plaintiff's petition were correct, and were copies of their book accounts. No harm was done the plaintiff by the introduction of these exhibits, although afterward he had filed an amended petition at the instance of the defendant.

The last assignment of error is, that the court erred in overruling plaintiff's motion for a new trial. The record contains nothing that would have warranted the court in sustaining the motion. The record shows that plaintiff received a fair trial by the court and jury, and ought to. have been satisfied with the result, and no error has been pointed out in the proceedings that is entitled to serious consideration by this court.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.