CHARLOTTE M. MILLER, APPELLEE, V. MARY H. NICODEMUS ET AL., APPELLANTS.

FILED MARCH 22, 1899. No. 8814.

1. **Mortgage Foreclosure: PROCEEDINGS AT LAW: PLEADING.** In a suit to foreclose an ordinary real estate mortgage an essential averment of the petition is that no proceedings at law have been had or commenced for the collection of the mortgage debt, or any part thereof.

2. ———: ———: ———: EVIDENCE. In such suit, when such averment is put at issue, the averment must be proved, or the decree will lack evidence to support it.

Miller v. Nicodemus.

3. **Pleading**: AMENDMENTS: EVIDENCE. When a litigant files an amended pleading, the averments of which are inconsistent with the averments of his original pleading, the original is evidence in the case as an admission of the litigant contrary to his claim in the amended pleading.

4. ———: ———: ———. Such original pleading is not conclusive evidence, but competent, and to be given such weight as the trier of fact deems it entitled.

5. ———: EVIDENCE: PARTIES. Admissions made by a litigant in his pleading in a suit are competent evidence against those who subsequently come into the suit as his successors in interest to the matter in litigation.

APPEAL from the district court of Saunders county. Heard below before SEDGWICK, J. *Affirmed.*

*Good & Good,* for appellants.

*H. Gilkeson, contra.*

RAGAN, C.

In the district court of Saunders county Charlotte M. Miller brought suit against Mary H. Nicodemus, her husband, and others for the purpose of foreclosing an ordinary real estate mortgage executed by the defendants Nicodemus. The petition of Miller contained the averment that no proceedings at law had been had or commenced for the recovery of the debt secured by the mortgage sought to be foreclosed, or for any part thereof. The defendants Nicodemus filed an answer to this petition of Miller, in which they admitted all its averments to be true. After this answer was filed Nicodemus, the husband, died and the action was revived against his minor heirs, for whom a guardian *ad litem* was appointed. The latter answered for his wards, denying each and every allegation in Miller's petition. The widow Nicodemus filed, by leave of court, an amended answer, in which she denied all the allegations in Miller's petition. The trial resulted in a decree in favor of Charlotte Miller, and the

27

widow Nicodemus and the minor heirs of Nicodemus, deceased, have appealed.

1. The sole argument is that the decree is not supported by sufficient competent evidence. It is not claimed that the mortgage sought to be foreclosed was not executed and delivered by Nicodemus and wife, nor that the mortgage debt is not due and unpaid, nor is there any dispute as to the amount due thereon, but the contention is that the averment in Miller's petition, that no proceedings at law had ever been had or commenced for the collection of the mortgage debt, etc., was not proved. On the trial Miller introduced in evidence the answer filed in the case by Nicodemus and wife, in which, as already stated, they admitted the truth of every averment in Miller's petition. If this answer was competent evidence against each of the appellants, the finding of the court that the averment in Miller's petition, that no proceedings at law had been had or commenced for the collection of the mortgage debt, was true, is supported by sufficient evidence, and the decree must be affirmed. The sole question therefore is, was this answer competent evidence against the appellants and each of them? The averment in Miller's petition that no proceedings at law had been had or commenced for the collection of the mortgage debt, or any part thereof, was a material averment, and had it been omitted from the petition the latter would not have stated facts sufficient to entitle Miller to a decree of foreclosure. (*Bing v. Morse*, 51 Neb. 842.) And since the amended answer of the widow and the answer of the heirs denied this averment of the petition, Miller was not entitled to a decree of foreclosure, unless she introduced evidence which sustained this allegation. (*Jones v. Burtis*, 57 Neb. 604.) The amended answer of the widow denying all the allegations in Miller's petition was inconsistent with her former answer in which she had admitted the truth of the averments of said petition, and therefore her first answer was competent evidence against her. This first answer was evidence of the ad-

mission by herself of the truth of the averments made by Miller in her petition, and an admission inconsistent with the defense which was pleaded in her amended answer. (*Bunz v. Cornelius*, 19 Neb. 107; *Ludwig v. Blackshere*, 71 N. W. Rep. [Ia.] 356.) It was not conclusive evidence, but evidence to be considered by the court, as any other admission of a party against his interests, and given such weight as the court deemed it entitled. The decree then, so far as the widow Nicodemus is concerned, does not lack evidence to support it.

2. Was this answer competent evidence as against the minor heirs? If the title to this real estate was not in the husband Nicodemus at the time of his death, then the minor heirs had no interest in that real estate. They were not necessary parties to this proceeding, and the admission of the answer of their ancestor in evidence worked no prejudice to them. But we assume, because the record does not show to the contrary, that the title to this real estate was in the husband Nicodemus at the time of his death and that his minor children inherited the same from him. These minor heirs then are claiming under the former defendant Nicodemus, and the rule is that admissions made by a litigant in his pleading in a suit are competent evidence against those who subsequently come into the suit as his successors in interest to the matter in litigation. (*Earl of Sussex v. Temple*, 1 Ld. Raym. [Eng.] 310; *Countess of Dartmouth v. Roberts*, 16 East [Eng.] 334; 1 Greenleaf, Evidence sec. 178; *Townsend v. McIntosh*, 14 Ind. 57; *Rust v. Mansfield*, 25 Ill. 297; *Pensoneau v. Pulliam*, 47 Ill. 58.) The answer of Nicodemus, the father, which admitted the truth of the averments of Miller's petition, was competent evidence against his heirs who subsequently came into the foreclosure suit claiming through him and claiming to have succeeded to his rights to the real estate. This answer, or the admissions in this answer, constitute the only evidence in support of the averment in Miller's petition that no proceeding at law had been had or commenced for

the collection of the mortgage debt. This evidence was sufficient. The decree does not lack evidence to support it and is

AFFIRMED.