## LEAVITT v. DEICHMANN.

No. 1356.   Opinion Filed December 12, 1911.

(120 Pac. 983.)

1.     **EVIDENCE**—Witnesses — Admissions — Credibility and Impeachment. Plaintiff filed his bill of particulars on April 16th, alleging that defendant was indebted to him· in the sum of $75, and on May 19th thereafter he amended said bill of particulars and asked $200 instead. Both the original and the amended pleadings were verified. At the trial, defendant offered the original bill of particulars as evidence, and same was admitted and read to the jury. The following instruction was given by the court, over objection of defendant: "The court instructs the jury that the pleadings in the case form no part of the evidence." Held, such instruction was error, as the defendant was entitled to have the jury consider the original bill of particulars in connection with the other evidence in the case, as tending to show an admission on the part of the plaintiff that on April 16th he claimed only $75 due from the defendant, and on May 19th, without having performed any other services he claimed $200; also as affecting his credibility as a witness, unless the discrepancy in the pleadings was explained to the satisfaction of the jury.

2.     **TRIAL** — Instructions — Requisites and Sufficiency. The court further instructed the jury that, "Where no specific agreement.is made, the plaintiff will be entitled to recover what his services are reasonably worth." The evidence disclosed an irreconcilable conflict between the plaintiff and defendant as to whether or not there had been any agreement as to fees. Held, that the instruction so given was error, for that it was in effect a peremptory instruction to find for the plaintiff; that no such agreement had been made between the parties, and therefore the jury should fix the amount of his recovery at such sum as his services were reasonably worth.

3.     **TRIAL**—"Instructions." "Instructions" are directions in reference to the law of the case, enabling the jury to better understand · their duty, and prevent them from arriving at erroneous and wrong conclusions.

(Syllabus by Robertson, C.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Action by Peter Deichmann against John H. Leavitt for attorney's fees. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

On April 16, 1908, Peter Deichmann, hereinafter called plaintiff, filed suit in the justice court of Tulsa county against J. H. Leavitt, hereinafter called defendant, and sought thereby to recover the sum of $75 as attorney's fee alleged to be due and unpaid; on May 19th thereafter, he amended his bill of particulars and asked $200, instead of $75. Default judgment was rendered in the justice court in favor of plaintiff on May 28th, and an appeal was taken to the county court, where the case was retried on February 18, 1909, to a jury, and a verdict was returned in favor of plaintiff, and against defendant, in the sum of $143. On this verdict, judgment was entered, motion for new trial was filed, considered, overruled, and exceptions taken, and defendant brings this appeal to reverse said judgment.

*H. W. Randolph* and *J. A. Haver,* for plaintiff in error.

*Robert F. Blair* and *Peter Deichmann,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). Counsel for defendant complains of the action of the court in giving the following instruction, viz: "The court instructs the jury that the pleadings in the case form no part of the evidence." The record shows that on April 16, 1908, plaintiff filed his bill of particulars in this case in the justice court, claiming of the defendant the sum of $75; thereafter, on May 19th, he filed an amended bill of particulars, in which he claimed $200. Both these pleadings were sworn to by plaintiff. On page 43 of the record, it appears that the original bill of particulars was by the court permitted to be introduced in evidence, and was read to the jury as testimony in the case. It was not thereafter withdrawn from their consideration by the court. The action on the part of the court in giving this instruction was undoubtedly prejudicial to the interests of the defendant. It was proper to

permit the introduction of the original bill of particulars, for the purpose of showing, or tending to show, an admission on the part of plaintiff that at the time the same was filed he claimed only $75; also it was competent, under the circumstances, as affecting his credibility as a witness, in case he failed to explain to the satisfaction of the jury why he claimed only $75 on the 16th of April and $200 on the 28th of May, without having performed additional services in the meantime, as was shown by his own testimony. The court, on its own motion, took this phase of the case from the consideration of the jury, to the detriment of the defendant.

In *Juncau v. Stunkle,* 40 Kan. 756, 20 Pac. 473, it was held, that:

"Where an amended petition is filed, and such amended petition and exhibits attached thereto materially differ from the allegations contained in the original petition, it is not error to permit the defendant to offer the original petition in evidence as the admissions of the plaintiff."

See, also, *Boots v. Canine,* 94 Ind 408; *Daub v. Englebach,* 109 Ill. 267; *Miller v. Nicodemus,* 58 Neb. 352, 78 N. W. 618; *Ludwig v. Blackshere,* 102 Iowa, 366, 71 N. W. 356; *Pence v. Sweeney,* 2 Idaho, 914, 28 Pac. 413.

In this case the court properly permitted the introduction of the original pleading as evidence, yet by the instruction complained of, in effect, withdrew from the consideration of the jury, without any explanation, the questions naturally raised by the different allegations in the two pleadings. The jury had a right to consider these matters, and the giving of such instruction was reversible error.

The next error complained of is instruction No. 2, which reads as follows, viz: "The court further instructs the jury that, where no specific agreement is made, the plaintiff will be entitled to recover what his services are reasonably worth." This was, in effect, a peremptory instruction to the jury to find for the plaintiff in an amount equal to what his services were reasonably worth. It is not given in the alternative; nor is it explained by any other instruction; nor was there any other instruction

given tending, directly or indirectly, to explain this issue to the jury. The evidence discloses an irreconcilable conflict between the plaintiff and the defendant as to whether or not there was any agreement, express or implied, between the parties as to fees in the various items set up in the amended bill of particulars. This instruction, in effect, decides the issue which the jury should have decided, and, after deciding it, tells them that they should find for the plaintiff in such a sum as his services were reasonably worth. Standing alone, or in connection with other instructions given, this instruction does not state the law of the case.

It might be well in passing to say that there were but four instructions given by the court in this case, all very brief, and each dealing with a different subject; nor were they related to each other; nor did they state or attempt to explain to the jury what the issues of the case were. The first one reads as follows, viz.: "The court instructs the jury, as a matter of law, that an offer of settlement or compromise of an account is not binding upon the parties making such offer, unless the offer is accepted." The second and third have been heretofore set out, while the fourth is as follows, viz.:

"The court instructs the jury that, as a matter of law, the plaintiff has a right to file amended pleadings under the direction and supervision of the court, and that the amended pleadings take the place of those originally filed, and that plaintiff may amend his pleadings in any particular, provided he is permitted to do so by the court."

Thus it can be readily seen that the instructions given do not fairly state, or in fact state at all, the nature of the case to the jury, nor the issues involved; nor do they instruct them as to testimony or the credibility of the witnesses; and no aid is given the jury by these instructions that would assist in any way in determining the complicated and controverted questions of fact involved in the trial of this case. The instructions, as given above, may possibly correctly state an abstract principle of law, but instructions to a jury, under the peculiar facts of each case, must be connected and consistent, and must state the law as ap-

plicable to the facts of the particular case, and mere definitions or abstract propositions of law, given without any explanation, tend to confuse and mislead the jury. The jury in this case may have reached the right conclusion by their verdict; but if they did so it was not on account of the instructions given them by the court, and we cannot say what influence and weight the instructions given had with the jury in this particular case. The jury is supposed to follow the instructions of the court, and there is nothing in the record to lead us to any other conclusion than they followed them in this case; and if they did the verdict is erroneous, and should be set aside.

It is the province of the court, and its duty, under our statute, to instruct the jury on law applicable to the whole case, and it is likewise the duty of the jury to act upon and be governed by the law as given them by the court. Instructions are directions in reference to the law of the case, enabling the jury to better understand their duty, and prevent them from arriving at erroneous and wrong conclusions. This being true, it is essential that the instructions, taken as a whole, should fairly and clearly state the law applicable to the case. There are other errors complained of in the brief of the defendant, but they relate to minor matters, and of themselves would not warrant a reversal of the case, and, inasmuch as the judgment must be reversed and the cause remanded, we will not consider them at this time, in the hope that they will not arise at the next trial. Had the instructions in the case been waived, or no exceptions taken thereto, the judgment would not be disturbed; but, inasmuch as the court saw fit to submit instructions which are faulty, and which do not correctly state the law applicable to the case, and exceptions were taken to them by the defendant, and allowed by the court, therefore, in accordance with the views hereinabove given, the judgment of the county court of Tulsa county should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concur.