## LITTLE v. MARTIN.

1. Practice: EXCEPTIONS TO INSTRUCTIONS. A general exception to the giving of all the instructions embraced in the charge of the court, any one of which is correct, raises no question for review on appeal.

2. —— INSTRUCTIONS: APPLICABILITY MUST BE SHOWN. The Supreme Court will not review the action of the court below in refusing to give certain instructions when there is nothing to show but that they were refused on the ground of being inapplicable to the case made by the testimony.

3. Evidence: GENERAL MORAL CHARACTER: PARTICULAR ACTS. A witness called on behalf of the plaintiff testified that he was acquainted with his general character for honesty, and that it was

good., He was then asked by the defendant, on cross-examination, if he had not told his neighbors that plaintiff had taken his rails without his consent, or if he had not charged him with thus taking them, which, being objected to, the witness was not permitted to answer. *Held,* that while the court might have properly received the evidence sought, for the purpose of showing the credit or weight due the witness' testimony, yet that it was not bound to do so, as the question called for a response in respect to a specific and collateral act.

## *Appeal from Davis District Court.*

### THURSDAY, APRIL 28.

SLANDER. Trial to a jury; verdict and judgment for plaintiff, and defendant appeals.

*Trimble & Caruthers* for the appellant.

*H. C. Traverse* for the appellee.

WRIGHT, J. — I. Because the exceptions to the instructions in chief, within the rule stated in *Davenport Gas Light and Coke Co.* v. *The City of Davenport*, 13 Iowa, 229, and the numerous cases following that, were too general, we cannot notice the errors assigned in respect thereto. Appellee makes the point, and we are not at liberty to disregard it.

1. PRACTICE: exceptions to instructions.

II. Some of the instructions asked and refused were fully covered by the charge of the court. As to such, of course, the refusal would not be error. And as to all, it is sufficient to say, that there is nothing to indicate, in the least, what testimony was before the jury; and the refusal may have been justified on the ground of inapplicability. Thus, to illustrate, the instructions asked as to the effect of defendant's affidavit for a continuance upon the question of malice or in aggravation of damages (and of which appellant especially complains on this appeal), may have been refused,

2. —— instructions: applicability must be shown.

for the reason that the affidavit was not before the jury, or because nothing was claimed for it by plaintiffs in any stage of the case.

III. As rebutting, plaintiff offered a witness who testified that he was acquainted with plaintiff's general character for honesty, and that it was good. (The words charged imputed a larceny). On cross-examination he said he had heard persons say that he was dishonest; that two of his neighbors "spoke derogatory to his character for honesty." He was then asked if he had told his neighbors that plaintiff had taken his rails without his consent, or if he had not charged him with thus taking them. These questions were objected to by plaintiff, the objection sustained, and of this action defendant complains.

3. EVIDENCE: general moral character: particular acts.

For the purpose of showing the credit or weight due the testimony or opinion of the witness touching plaintiff's reputation for honesty, the court might properly enough have received the evidence. It was not bound to do so, however. The defendant could not claim as a strict legal right to have responses in reference to specific transactions, or to call out what the witness had said in relation to this or that collateral act in plaintiff's life. Such inquiries only go legitimately to affect the credit of the witness, and the extent to which they may be pressed must, of course, rest largely in the discretion of the trial court. In this case we cannot say that the discretion was abused. Having thus noticed very briefly all the questions made in the case, it is ordered that the judgment below stand

Affirmed.