Cook *et ux.* v. The Sioux City and Pacific Railroad Co.

1. **Practice:** ON APPEAL. An order of the court below refusing to allow appellant to show certain facts on cross-examination of a witness of the opposite party, will not be disturbed when none of the testimony in chief of such witness is set out in the record.

2. —— EXCEPTION TO INSTRUCTIONS. Instructions of the court will not be reviewed on a general exception to the whole charge.

3. —— ERRORS NOT NOTICED. Errors assigned but not presented in argument, will not be considered.

*Appeal from Woodbury District Court.*

Friday, October 24.

This action is brought by the plaintiffs to recover for alleged trespasses committed by defendant upon certain lots in Sioux City, East Addition, Wooodbury county, Iowa. The defendant answered: 1. Denying the allegations of the petition; 2. Setting up as a defense a right to enter upon the lots in controversy under a condemnation therof according to law for a right of way for a railroad, constructed by them from Sioux

City, Iowa, to Columbus, Nebraska. There was a jury trial which resulted in a verdict for defendant. Plaintiffs moved for a new trial, which being refused, they appeal.

*O. C. Tredway* for the appellants.

*Joy & Wright* for the appellee.

MILLER, J.—I. The first assigned error is the admission of evidence offered by defendant, which was objected to by the plaintiff. The plaintiff's abstract recites that "defendant sought to prove a condemnation of right of way for railroad purposes, and such evidence was objected to by plaintiff." It does not appear that plaintiff excepted to the admission of the evidence objected to, nor is the evidence set out in appellants' abstract. Appellee furnishes us an abstract showing that proper written evidence of the condemnation of a right of way over the premises in controversy was had in the manner required by the statute, and that the sums awarded to the appellants were paid into the hands of the sheriff. Whether this is the evidence objected to is not shown by either of the abstracts, but if it is we find no error in the court's ruling. Nor do appellants point out any objection, or state any ground thereof to this evidence. The ruling will not, therefore, be reveiwed here.

II. The abstract of appellants further states that " on cross examination of defendant's witnesses, plaintiffs offered to show that the pretended condemnation was procured by private individuals, who had given defendant a bond to procure a right of way for defendant through Woodbury county free of cost to defendant, which the court refused to allow."

We need not decide whether under any state of the record there would have been error in this ruling. It is clear that in the state of the record before us there was no error therein. None of the testimony of the witnesses is given in appellants' abstract, nor is it shown by which of defendant's witnesses it was sought to show the above fact on cross-examination. The court may have properly excluded the evidence because

not proper cross-examination; that it was not excluded on this ground is not shown in either of the abstracts before us. We will not presume error; the appellants must make it appear by the record.

III. Appellant assigns as error the giving of the instructions or charge of the court. No particular instruction or paragraph of the charge is excepted to, but at the end of a series of eight instructions appellants except to the whole. It is not claimed by appellants' counsel, in argument, that the entire charge of the court was erroneous. Unless it was so the exception was too general to enable us to pass upon particular. parts thereof. See *Little* v. *Martin*, 28 Iowa 558; *Davenport Gas L. & C. Co.* v. *City of Davenport*, 13 id. 329; *Shepherd* v. *Brenton*, 20 id. 41; *Lyons* v. *Thompson*, 16 id. 62, and cases there cited.

IV. The third error assigned is the refusal of the court to give the instructions asked by appellants. There is, however, no point made on this assignment in appellants' argument. Only those errors presented in argument will be considered. *Snyder* v. *Eldredge*, 31 Iowa 129, and cases there cited.

Affirmed.