## BARTLE v. THE CITY OF DES MOINES.

1. **Municipal corporation:** INDEBTEDNESS BEYOND CONSTITUTIONAL LIMIT. Indebtedness beyond the constitutional limit at the time of the injury is no defense to an action against a city for damages on account of an injury caused by negligence in the construction and maintenance of the gutters of its streets.

2. **Evidence:** IMPROPER QUESTIONS: COMPETENCY OF ANSWER. If improper questions elicit answers which are competent evidence, no error can be predicated thereon.

3. **Practice:** INSTRUCTIONS: EXCEPTION TO. A single general exception to several instructions given or refused, raises no question for the consideration of the appellate court.

4. **Evidence**: PLEADING: MORE SPECIFIC STATEMENT. When the petition in an action for damages against a city asked a recovery for loss of family stores without specifying them, evidence showing the items and their value was properly admitted. If the defendant desired information in advance of the evidence as to what the items were, he should have moved for a more specific statement.

*Appeal from Polk Distict Court.*

THURSDAY, JUNE 11.

THIS action was brought to recover for washing down the cellar wall and flooding the cellar and destroying vegetables and family stores of the plaintiff, caused by the alleged unskillful and negligent manner in which the defendant constructed and left the gutters of its streets near the plaintiff's house. The defendant for answer denied its negligence, and averred that plaintiff was negligent, and by amendment to the answer set up that the defendant was indebted beyond the limit allowed by the constitution, and had no means to grade its streets and alleys or to construct sewers or gutters. A demurrer to this was sustained. Upon a trial to a jury there was a verdict and judgment for plaintiff for $250. The defendant appeals.

*McHenry & Bowen*, for appellant.

*Phillips & Phillips, Finch & Sickmon*, and *Bartle & Ball*, for appellee.

COLE, J.—I. The amendment to the answer set up that at the time of the alleged injury, and long prior thereto, the

1. MUNICIPAL CORPORATIONS: INDEBTEDNESS BEYOND CONSTITUTIONAL LIMIT.

defendant was indebted beyond the limit allowed by the constitution, and had no money or means unappropriated with which to make sewers and drains and grade the streets, and for that reason the streets were not all graded nor the drains and sewers all made. These facts constitute no defense, for that the action is not instituted to recover for a *failure* to grade the streets or to make gutters, but for *doing* the grading and making the

gutters in a *careless, negligent and unskillful* manner. The amendment does not aver, that at the time the action was commenced, or at the time the amendment was filed, the defendant had no money or the means of raising it so as to pay off the plaintiff's claim.

II. The plaintiff was permitted, during the course of the trial, and against the defendant's objections, to ask a witness whether the culvert and a gutter near the plaintiff's premises were of sufficient capacity to drain the streets they were intended to drain. The answers tended to show that they were not properly constructed and were partly full of dirt and other obstructions. It is claimed by the appellant's counsel here, that the evidence was improperly admitted, because the city officials exercised their best judgment in regard to the size and capacity of the culverts and gutters; and that a municipal corporation is not liable in damages for an error of judgment by its officers acting in a judicial capacity.

The correctness of the counsel's position as to the law, may be conceded here, without disturbing this judgment. Even 2. EVIDENCE: if the questions were improper, they did no harm improper questions: or prejudice to the appellant; and the answers competency of answer, tend only to show carelessness, negligence, or unskillfulness in putting them in, or in allowing them to partially fill and thus obstruct the water. Besides this, it was very proper for the jury to have all the facts connected with the place and its surroundings, including the capacity of the culverts and gutters. No claim is made by the petition, or upon the evidence, for the want of the capacity, but only for the negligence, etc., in constructing them and allowing them to remain out of proper condition.

III. The defendant asked the court to give to the jury five "instructions, which were refused by the court and excepted 3. PRACTICE: to by defendant." It is here insisted by appellee's instructions: exception to. counsel that this general exception raises no question for us to determine. This is doubtless true under *Davenport G. & C. Co. v. The City of Davenport*, 13 Iowa, 236; *Whicher v. Leonard*, Ib., 336; *Brown v. Jefferson County*, 16 Iowa, 343; *Shepherd v. Brenton*, 20 Iowa, 43; *Redman*

*et al. v. Malone & Cloud*, 23 Iowa, 296, and other cases. But we may refer to one or two of the instructions, to show that appellant loses nothing by the rule. The instruction numbered eight, as asked, says to the jury that they must find for the defendant, if the plaintiff's lot was below grade, and such fact contributed to the injury, and there had a reasonable time elapsed before the injury after the street had been filled. The instruction wholly omits the idea that if plaintiff could have prevented the injury at a moderate expense, or by ordinary efforts. *Simpson et al. v. The City of Keokuk*, 34 Iowa, 568. The seventh instruction told the jury to find for the defendant if the plaintiff's cellar wall was built in an insufficient manner, and such insufficiency contributed to the injury. The wall may have been sufficient to support the house, and not sufficient to resist a flood negligently turned upon it; but this latter fact would not defeat the plaintiff's recovery. The only true question in this connection was, had the plaintiff exercised ordinary care. The second and sixth were in effect given by the court; and the third was inapplicable.

The abstract further shows that "the court, upon the request of plaintiff, gave the following instructions, (four in number), to the jury, to which the defendant excepted." And also, that "the court further gave the following instructions, (seven in number), on its own motion, to which the defendant excepted." Upon the authority of the cases cited, *supra*, this general exception raises no question for us to determine—there being no claim that all of either series were erroneous.

IV. The plaintiff claimed damages for the injury to, and loss of potatoes, apples, and family stores in the cellar. The

4. EVIDENCE: pleading: more specific statement.

petition does not specify the items, and the defendant for that reason objected to the evidence showing the items and value of the family stores, etc. The evidence was properly admitted. The defendant should have moved for a more specific statement of the items in the petition, if he desired, in advance of the evidence, information as to what the items were.

The evidence sufficiently sustains the verdict.

AFFIRMED.