## STEVENS v. TAYLOR.

1. **Lease:** PAROL CHANGE: EVIDENCE TO SUSTAIN THE VERDICT. *Held*, that the jury might fairly have found from the evidence, that the parties had entered into a verbal agreement changing the terms of the written lease, and that the verdict was sustained by the evidence.

2. **Practice in the Supreme Court:** EXCEPTION MUST BE SPFCIFIC. An exception to an instruction, not shown to have been taken when instruction was given, and not specifically stated in the motion for a new trial, will be disregarded.

3. **Lease:** VERBAL AGREEMENT: CONSIDERATION. It was competent for the plaintiff to waive a condition of the written lease without any consideration, and the failure of the court to instruct the jury, that the verbal agreement changing the terms of the lease would not be valid unless some consideration therefor was shown, was not error.

*Appeal from Shelby Circuit Court.*

MONDAY, JUNE 12.

THE plaintiff leased to the defendant certain land from March, 1880, to March, 1881, on which the defendant planted and cultivated a crop of corn. The rent reserved was to be two-fifths of the corn, delivered by the defendant in cribs on the premises. This action was brought by plaintiff to recover the value of the rent reserved, and he alleges that the defendant failed to deliver the same as he was bound to do by his contract. The defendant admits the contract was made as claimed by the plaintiff, but alleges that after the corn was raised, and about December 15, 1880, the parties entered into a verbal contract, whereby it was agreed that said corn was to be divided in the field, by rows, and that the plaintiff was to gather his share, and that he then accepted said corn in the field as satisfaction in full for the rent.

There was a trial by jury, and verdict and judgment for the defendant. Plaintiff appeals.

*Sapp & Lyman* and *J. W. DeSilva*, for appellant.

No appearance for appellee.

ROTHROCK, J.—I. It is claimed that the verdict is not sustained by the evidence. We think otherwise. The jury may fairly have found under the evidence that the plaintiff and the defendant entered into a verbal agreement, by which the plaintiff undertook to harvest his share of the crop and the defendant agreed to pay him 2¼ cents a bushel for doing so. We need not discuss the testimony as given by the witnesses.

1. LEASE: parol change: evidence to sustain the verdict.

II. The appellant contends that the court erred in its instructions to the jury, by failing to state therein that the verbal contract made between the parties would be invalid and of no force, unless it was shown that there was some consideration therefor.

2. PRACTICE: exception must be specific.

The record does not disclose that any exceptions were taken to the instructions when given. And no reason is given for the exceptions in the motion for a new trial, as required by section 2789 of the Code. See *Hall v. Gibbs*, 43 Iowa, 380.

It is true it is stated in a motion for a new trial that "the court erred in its charge to the jury, excepted to at the time by the plaintiff." This is no more than the plaintiff's statement, in a general way, that he excepted to the charge at the time it was made. If the motion for a new trial does not state the ground of exception, and exceptions made at the time the instructions are given are relied upon, the record made when the instructions were given should show the exceptions and show what part of the charge is excepted to.

III. But even if the exceptions were properly taken we do not think the instructions were erroneous. It was competent for the plaintiff to waive the husking and delivery of the corn without any consideration. Suppose the parties met in the field at the time

3. LEASE: verbal agreement: consideration.

the corn should be gathered and the plaintiff agreed with the defendant that he (the defendant) need give himself no further concern about the rent corn, that he (the plaintiff) would gather it himself, and thereupon the plaintiff did gather part of it and quit, because of storm or snow.    Ought the plaintiff under such circumstances to recover damages of the defendant? We think not.

The plaintiff ought not to be allowed to thus interfere with the performance of the contract and take the work upon himself, and then recover damages because the defendant failed to husk and crib the corn.    The jury found that the defendant was discharged from his obligation to gather the crop, because of the subsequent arrangement, and we believe that they were warranted in finding from the evidence that the plaintiff waived the performance and undertook to harvest, and did harvest, at least a part of his share.

AFFIRMED.