## THOMAS v. THE CITY OF BURLINGTON.

1. **Practice on Appeal:** FINDING OF FACT: DEFECTIVE RECORD. Where the record does not purport to contain all the evidence, this court cannot say that the findings of fact by the trial court were not warranted by the evidence.

2. **Taxes:** PAYMENT UNDER PROTEST: RECOVERY. Taxes illegally exacted, and paid under protest, may be recovered, though there has been no distraint or seizure of property. (*Winzer v. City of Burlington*, 68 Iowa, 279, followed.)

3. ——: PAYMENT UNDER PROTEST TO CITY INDEBTED BEYOND CONSTITUTIONAL LIMIT: RECOVERY. Section 3, article 11, of the constitution, which limits the amount of indebtedness which may be incurred by a municipal corporation, and under which any contract for an indebtedness beyond that limit is void, does not apply to an indebtedness arising upon tort, or against the protest of the creditor. And so, where a tax was illegally exacted by the defendant city of plaintiff, and paid by plaintiff under protest, at a time when the city's indebtedness exceeded the constitutional limit, *held* that the debt thereupon arising on the part of the city to plaintiff was not within the inhibition of the constitution, and that plaintiff might recover the taxes so paid. BECK, J., *dissenting*.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, JUNE 16.

ACTION to recover city taxes paid by the plaintiff upon real estate within the corporate limits, on the ground that the same was not taxable for city purposes. Trial to the court, and judgment for the plaintiff. The defendant appeals.

*John J. Seerley*, for appellant.

*T. J. Trulock*, for appellee.

SEEVERS, J.—I. The abstract fails to state that it contains all the evidence. We therefore are unable to say that the

1. PRACTICE on appeal: finding of fact: defective record.

real estate described in the petition is taxable for city purposes. The evidence before us tends to show that it was used solely for agricultural pur-

poses, and that no municipal benefits were conferred in consideration for the taxes imposed. It therefore must be presumed that the court was warranted in finding that the real estate was not taxable for city purposes.

II. There was no distraint or seizure of property, but the taxes were paid under protest, and such fact was indorsed by the treasurer upon the receipt. It is insisted

2. TAXES: payment under protest: recovery. that the payment was voluntary, and therefore there cannot be a recovery. It has been held otherwise in the recent case of *Winzer v. City of Burlington*, 68 Iowa, 279.

III. Among other defenses, the defendant pleaded that at the time the taxes were paid it was indebted largely in excess of the constitutional limit, and evidence

3. ——: payment under protest to city indebted beyond constitutional limit: recovery. tending to establish this defense was rejected by the court, and this ruling is assigned as error. Section 3, article 11, of the constitution, provides that "no county or other municipal corporation shall be allowed to become indebted, in any manner or for any purpose, to an amount in the aggregate exceeding five per centum of the value of the taxable property within such county or corporation. * * *" It is insisted that when the taxes were paid an indebtedness was created, (*Lauman v. County of Des Moines*, 29 Iowa, 310,) and therefore the constitutional inhibition applies. Is it true that an indebtedness was created, as contemplated by the constitution? In the discussion of this question it must be assumed that the taxes were levied without authority, and that the city had no legal right to receive the money, and appropriate it for any purpose whatever. It must be further assumed that the plaintiff paid the taxes under legal compulsion. It is perhaps true, in a technical sense, that, to enable one person to recover of another in an action at law, there must exist a debt or valid obligation which arises under an express or implied contract, or by reason of a tort or wrongful act. But can it be said, when a city negligently

fails to keep its streets in repair, and a person thereby suffers an injury, that there cannot be a recovery because the city is indebted beyond the constitutional limit? As we understand, it has been held that such a defense cannot be interposed. *Bartle v. City of Des Moines*, 38 Iowa, 414. In the cited case there was an omission to do an act enjoined by law; in the present case the city did an act it had no right to do, and by wrongful action received or seized money, the property of the plaintiff. It did not become the money of the city by such wrongful seizure or enforced payment. The money belongs to the plaintiff now as fully as it did prior to the payment. The plaintiff is seeking to recover his own property, which is held by the city for his use. There cannot be a debt or debtor unless there is a creditor; and while, in a certain sense, the plaintiff may be regarded as the creditor of the city, we do not think he is such in contemplation of the constitution. He is not a voluntary, but an involuntary, creditor. He became such by compulsion. The constitution provides that the city cannot become indebted in any manner. This implies an assent on the part of the creditor, and thus it is that the prohibited indebtedness is incurred; that is, it is created by the voluntary act of both parties. Such an indebtedness cannot be contracted if the city is in debt beyond the constitutional limit. It may be assumed that a person can protect himself by due inquiry from entering into a contract whereby he becomes the creditor of the city, when indebted beyond the constitutional limit; but he cannot fully protect himself in the case at bar. It is true, he can refuse to pay the taxes, and, if his property is distrained, he could, it will be assumed, defeat the tax by an appeal to the courts. But when the tax is levied, or within a brief period thereafter, an apparent lien is created on his property, and thereby his title is clouded. This cannot be removed except by an action, which takes time. In the mean time he may be unable to sell or mortgage his property for legitimate purposes. The only efficient and sufficiently

speedy remedy in such case may be the payment of the taxes. Strictly speaking, an indebtedness cannot be created except by contract, either express or implied; and we feel constrained to hold that the indebtedness prohibited by the constitution is such as is created by the voluntary action of both the debtor and creditor.

We have had occasion to consider the provision of the constitution under consideration in several cases. They will be found cited in a note on page 1193 of Miller's Code. In all of them, except *Bartle v. Des Moines*, before cited, bonds were issued by the corporation, and sold on the market, or an indebtedness otherwise incurred, which was held to be within the constitutional inhibition; and this is true as to the following cases, cited by counsel for appellant: *Law v. People*, 87 Ill., 385; *Fuller v. City of Chicago*, 89 Id., 282; *Buchanan v. Litchfield*, 102 U. S., 278; *Litchfield v. Ballou*, 114 Id., 190; S. C., 5 Sup. Ct. Rep., 820.

The judgment of the circuit court is

AFFIRMED.

BECK, J., *dissenting*.—If plaintiff is entitled to recover, it surely is because defendant is indebted to him. This indebtedness arises by reason of the payment of taxes unlawfully assessed, and this would be so whether the payments were voluntary, or were induced by coercion. The provision of the constitution cited in the foregoing opinion prohibits political and municipal corporations from becoming indebted, in "any manner or for any purpose," beyond the limit prescribed. They cannot unlawfully levy taxes, and, upon voluntary or coerced payment thereof, become the debtors of the tax payers, when they have already exceeded the constitutional limit of indebtedness. The tax payers should, as is their duty, resist, by proper proceedings, the collection of such illegal taxes, or in the same way cause the assessments and levies to be declared void by the courts. They gain no rights or standing in the courts by submitting to illegal tax-

ation, which will enable them to enforce claims against the cities in excess of the constitutional limits of their indebtedness.

The majority of the court in the foregoing opinion base their conclusion upon the thought that the acts of the defendant in levying and collecting the taxes was a tort, and that the liability of defendant does not, therefore, rest upon debt, as contemplated by the constitution. It will be observed, however, that they more than once use language which, in effect, admits that defendant is indebted to plaintiff on account of the illegal taxes paid to it. Let it be conceded that the acts of defendant in levying and collecting the tax were " torts," (though I conceive that the word is never applied in the law to such transactions,) yet it does not follow that plaintiff may maintain an action to recover in damages as for a debt against defendant. When property or money is tortuously taken, the owner or person injured may prosecute the tort-feasor for a trespass, or in other form of action giving special remedies for torts; or he may, by proper action, recover the identical property or money, if it can be reached, of which he was deprived. He may waive the tort, and sue as for a debt upon contract, which the law will imply between the tort-feasor and the person injured by the wrong. When such an action is brought, recovery is based upon an implied contract, whereon a debt arises between the wrongdoer, the defendant, and the plaintiff. The case before us is prosecuted in conformity with these familiar doctrines of the law, and is, in truth, an action to recover a debt; the tort, if there ever was any, which I do not admit, being waived.

The plaintiff having paid defendant the taxes, the money went into the city treasury, and it is impossible to recover the identical money secured from plaintiff. Indeed, the plaintiff does not attempt by this action to recover it. He asks for a judgment in damages, not for the identical dollars he paid to defendant. But the majority of the court mistakenly say that the money paid by plaintiff did not become

the property of defendant, and the identical money now belongs to plaintiff. There is no such claim made by plaintiff, and the action is based upon no such theory. As I have before said, it would be impossible for the plaintiff to recover the identical dollars paid by him, for they could not be identified. I never heard of an attempt to do such a thing in any case. The plaintiff having failed to restrain defendant from collecting the money, and being unable to recover the identical dollars paid by him, brings this action as for a debt, for money had and received. But the constitution declares that defendant was and is in a condition which forbids it to be bound as a debtor. This is the effect of the plain language of that instrument, and we are required to enforce it to the letter, without regard to consequences. The enforcement of the constitution may work a hardship upon plaintiff. With this we have nothing to do. We ought not to let this hard case make bad law.

I am clear in the opinion that the judgment of the circuit court ought to be reversed.