## MANNING v. MEREDITH.

1. **Payment:** PRESUMPTION FROM LAPSE OF TIME. In an action on a promissory note, where payment by the execution of a new note was pleaded in defense, *held* that the jury was authorized to consider, with other circumstances, the time which had elapsed since the time of the alleged payment,—the presumption of payment from lapse of time arising as well where a specific manner of payment is pleaded, as where payment is alleged in a general way.

*Appeal from Van Buren District Court.*

THURSDAY, OCTOBER 7.

ACTION at law upon a promissory note. There was a verdict and judgment for defendant. Plaintiff appeals.

*Sloan, Work & Brown,* for appellant.

*Wherry & Walker* and *Robert H. Starr,* for appellee.

BECK, J.—I. Defendant in his answer admits the execu-

tion of the note in suit, but alleges that it has been fully paid off and satisfied. The answer shows that the manner of the payment was this: Defendant was indebted to plaintiff upon this and other notes, for which a new note was executed by defendant, and secured by mortgage, which was foreclosed, and the judgment and decree rendered thereon were subsequently paid. The point of dispute between the parties is upon the question whether the note was included, with the other notes, in the new note and mortgage. Defendant testifies that it was. Plaintiff and one witness testifies that it was not. The witnesses on each side were about equally positive and explicit in their testimony. Defendant is corroborated, in a measure, by the consideration that plaintiff held the note in suit at the time the new note and mortgage were given, and that there was no security upon it, while the other notes were signed by sureties or joint makers. A presumption arises, of some weight, based upon the probability that plaintiff would have united all his claims in the new note, that the note in suit was paid and discharged by the new note. This is, to some extent, strengthened by the fact that the reason assigned by plaintiff for taking the new note was his desire to obtain security upon the debt for which the old notes were given. It is hardly probable that he would exact security upon the notes already secured to some extent, and not ask security upon the note in suit, upon which he had no security. But it is needless to discuss the evidence found in the record. We are not accustomed to do so in like cases. It cannot be said that there is such an absence of evidence supporting the verdict of the jury as will authorize us to disturb it under the familiar rules upon the subject prevailing here.

II. The district court instructed the jury that they were authorized to consider, with other circumstances, upon the issue of payment, the length of time which elapsed since the time of the alleged payment. Counsel for plaintiff do not question the correctness of the rule of the instruction as an

abstract proposition of law, but insist that it is not applicable to this case, for the reason that the plea of payment made by defendant is specific, and not general; that is, if we understand counsel, the answer states the manner of the alleged payment, rather than avers payment in general language. We see no force in counsel's position, and think the rule of the instruction is applicable, without regard to the manner of the payment as shown by the answer. Whatever inference of payment of the note may be drawn from the lapse of time is based upon the probability that plaintiff would not have permitted unpaid paper to rest so long after maturity without an effort to collect it. This presumption would arise whether the alleged payment was by a new note, or made in any other way. We think the instruction is applicable to the case.

No other questions in the case demand discussion. The judgment of the district court is

AFFIRMED.