STANHOPE v. SWAFFORD *et al.*

1. **Partnership**: FRAUD OF ONE PARTNER. Where one partner, while acting for the firm, makes an exchange of lands by means of false representations, the other partner is liable for the fraud, though he personally takes no part in the transaction and is ignorant of the fraud.

2. **Instructions**: INSUFFICIENT EXCEPTIONS. Exceptions to instructions, taken in a motion for a new trial, cannot be considered unless the grounds of the exceptions are stated. (See Code, sec. 2789.)

3. **Pleading**: EVIDENCE: PAROL TO VARY WRITING. In an action for false representations in the exchange of lands, where the price at which the land was to be taken was stated in the written contract, allegations in the answer to the effect that the value of the land was much less, and that the price named was not meant to be the actual price, were properly stricken out, since the contract in that regard could not be varied by parol.

4. **False Representations**: EXCHANGE OF LANDS: WRITTEN CONTRACT: ACTION. An action will lie for false representations whereby plaintiff was induced to enter into a written contract for the exchange of lands, pursuant to which the exchange was made, though the false representations were not contained in the contract.

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

FILED, MAY 12, 1890.

ACTION to recover for the false and fraudulent representations made by defendants as to certain land in Nebraska traded to plaintiff, with a stock of merchandise, for a farm in Buchanan county, and a small tract of land in Linn county. There was a judgment

on a verdict for plaintiff. Defendants appeal. This case has before been in this court. 77 Iowa, 594.

*Lake & Harmon*, for appellants.

*Woodward & Cook*, for appellee.

BECK, J.—I. The petition alleges that plaintiff traded his farm in Buchanan county and twenty-five acres of land in Linn county for a stock of goods, and three hundred and twenty acres of land situated in Nebraska; that defendants represented the Nebraska land was worth two thousand dollars, and on each quarter section there was one hundred acres of good, level plow-land, and no part of the land was so rough that it could not be plowed, or that one could not drive over it with a horse and buggy. It is alleged that defendants represented that they had seen the land, and knew all about it, and that plaintiff had never seen it, and relied wholly upon the defendants' statements and representations made to him; that defendants' representations were false and fraudulent, and well known to them so to be, and that in fact there was not forty acres of level plow-land upon the whole tract; that it was "bluffy," and so rough that a team could not be driven over it, and was not fit for cultivation, and was not worth to exceed two dollars per acre. It is alleged that the contract between the parties was partly in writing and partly oral, the representations as to the Nebraska land being verbal. The defendants file separate answers, each denying generally the allegations of the petition. The defendant L. G. Swafford, in his answer, admits the trade, and alleges that the only contract to which he was a party was wholly embodied in a written instrument which he sets out in his answer. He denies that there was any false or fraudulent representations, and denies that he authorized or procured such representations to be made to induce plaintiff to enter into the contract. C. G. Swafford admits the contract as set up by his codefendant, and alleges that

it was the only contract entered into by the parties. He alleges that the value of the land traded by plaintiff to defendants is twenty-two hundred dollars less than the price at which it was estimated in the trade, which was fixed at plaintiff's request, but was not intended by the parties as the actual price allowed for the land in the trade. This allegation of the answer was stricken out, on motion, on the ground that it set up a variance and change of the written contract proposed to be proved by parol.

The evidence tends to show that the defendants were copartners, and as such owned the stock of goods and Nebraska land traded to plaintiff. The negotiations were begun by the plaintiff and his agent with both of defendants, but defendant C. G., with the assent and direction of the other defendant, went with plaintiff and his agent to see the plaintiff's farm, and was authorized to complete the trade. After the farm was seen by the defendant, a proposition was made to put the Nebraska land into the trade, which was finally accepted, after the representations as to its quality and character were made by defendant. Plaintiff had no knowledge of the value and character of the land, and relied upon defendants' representations in making the trade. Defendants knew the character of the land, having before seen it and examined it. The evidence shows that the land was of the character and value alleged in plaintiff's petition. The written contract entered into is in the following language:

"WALKER, IOWA, April 7, 1887.

"This contract, made and entered into this day, witnesseth, that I, Isaiah Stanhope, bargain and sell to Swafford Bros., of Mt. Vernon, Iowa, and agree to convey by perfect warranty deed, with abstract of title, to said Swafford Bros., the following: My farm owned and occupied by me, and located three miles northeast of Walker. Price of farm, eighty-four hundred and eighty dollars. Deed to be made at once, and possession to be given immediately. Also, seven hundred

dollars of farming implements, and hay and corn, as per agreement, and as per bill made out this day. Said Swafford Bros. are to pay for said farm in goods at their marked cost price. Said goods are their general stock of merchandise and fixtures in Mt. Vernon, Iowa. Also, three hundred and twenty acres of land in Custer county, Nebraska, at twenty-two hundred and forty dollars. And I, Isaiah Stanhope, am to pay sixty dollars to said Swafford Bros., in cash. Providing the stock of goods should fall short of seven thousand dollars, then the amount less than seven thousand dollars is to be taken out by Swafford Bros., leaving the same amount of the seven hundred dollars in farm implements with said Stanhope. The above land deeded by Stanhope to Swafford Bros. includes twenty-five acres in Linn county.

" [Signed]                    ISAIAH STANHOPE.
                    "SWAFFORD BROS."

This contract was signed by C. G. Swafford in the firm name. The other defendant assented to the trade without objection.

II. The defendant L. G. asked the court to instruct the jury that, as there was no evidence showing that he made, or had knowledge of, the false representations, their verdict should be for him. The instruction was righly refused on the ground that, as defendants were copartners, and the land was traded by one of the defendants for the copartnership, the other party is bound by the contract and representations, though he did not know the representations were made. The trade was a partnership transaction, which one partner was competent to make, and thereby bind the other partner.

*1. PARTNERSHIP: fraud of one partner.*

III. The court gave an instruction as to the effect of a ratification of the contract by L. G. Swafford, which is now the subject of complaint. No exceptions were taken to any of the instructions at or subsequent to the trial, but this one was objected to on the motion for a new trial. But no grounds

*2. INSTRUCTIONS: insufficient exceptions.*

of objection to the instruction are stated, as required by Code, section 2789. We cannot, therefore, consider the objection now made to the instruction.

IV. The court rightly struck out the allegations of the answer as to the value of the farm traded by plaintiff. The written contract settled the price to be allowed for the farm. It cannot be altered by parol evidence.

3 PLEADING: evidence: parol to vary writing.

V. It will be observed that the action is to recover for false representations inducing plaintiff to make the trade. Now, if it be assumed that all the terms of the contract are embodied in the writing, and the false representations are not expressed therein, plaintiff may recover

4. FALSE representations: exchange of lands: written contract: action.

thereon, for the reason that the action is not upon the contract, but for false representations—a cause of action other and independent of the contract. If one should be inveigled or induced by false representations to enter into contract of a sale of property, he could maintain his action on the false representations; and would not be required to sue on the contract of sale in order to recover his damages therefor. This is the plaintiff's case.

VI. The evidence amply supports the verdict. The representations were clearly shown, and by equally satisfactory evidence they were proved to be false. Upon all points the evidence supports the verdict.

No other questions demand attention. The judgment of the district court is     AFFIRMED.