L. W. CLARK, Appellee, v. J. M. RAYMOND, Appellant.

Action on Promissory Note: PLEA OF PAYMENT: EVIDENCE: INSTRUCTIONS TO JURY.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, MAY 24, 1892.

ACTION upon a promissory note executed December 1, 1883, by the defendant to the plaintiff for three thousand dollars, due two years after date, with ten per cent. interest. The defendant answered, alleging that on June 6, 1889, said note was fully paid and discharged by his executing to the plaintiff his two notes, aggregating seventeen thousand dollars, and mortgages securing the same, which were accepted in full satisfaction of all prior indebtedness, including the note in suit. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*S. H. Cochran,* for appellant.

*Barnhart & Rodifer,* for appellee.

GIVEN, J.—I. The sole contention was as to the agreement under which the notes and mortgages for seventeen thousand dollars were given. The appellant contends that they were given and accepted in full satisfaction of all existing indebtedness. The appellee contends that they were to be applied in satisfaction of particular notes, and in a particular order agreed upon, and which did not include the note in suit. The appellant asked instructions to the effect, that if it was agreed that the notes for seventeen thousand dollars were in satisfaction of all notes then outstanding in favor of the plaintiff against the defendant, and the note in suit was then outstanding, the jury should find for the defendant; that upon the question as to the agreement the jury should consider the conversations, the nature and extent and age of the indebtedness, the value of the security taken, the financial condition of the party who made the note, and the reasonableness or unreasonableness of the testimony; that, if the seventeen thousand dollar notes and mortgages were made with the understanding that they should cancel and discharge the note in suit, it was a complete defense, regardless of the amount. These instructions are quite fully and plainly embraced in those given by the court.

The appellant asked an instruction as follows: "The carrying of notes for a great length of time is presumptive evidence that payments have been made upon them in whole or in part." He cites *Manning v. Meredith*, 69 Iowa, 430, wherein the lapse of time is recognized as a circumstance to be considered where payment is alleged. The court expressly directed the jury to consider this circumstance.

The appellant also asked the following instruction: "The evidence shows that the mortgage given on the sixth of June, 1889, for seventeen thousand dollars, included more land than any then held by L. W. Clark. This is a circumstance which you have a right to consider in passing upon the agreement made between A. W. Ford and the defendant, and, as a matter of law, is an indication that the note in suit was to be canceled and delivered up." This was properly refused, as it was disputed whether the mortgages securing seventeen thousand dollars included more land than the appellee had theretofore held as security. We think there was no error in refusing the instructions asked.

II. The appellant contends that the second and third paragraphs of the court's charge are in direct conflict and prejudicial, and cites authorities showing that it is error to give contradictory instructions, but fails to point out wherein he claims these paragraphs to be in conflict. The second paragraph is quite lengthy, and with the third presents the various phases of the case arising upon the claims of the party as to what the agreement was. We have examined these paragraphs with care, and fail to discover any conflict between them. Taken together, they present fully and fairly the various phases of the case.

The appellant's further contention is that the verdict is contrary to the evidence. There was certainly evidence to support the appellee's claim that the notes and mortgages for seventeen thousand dollars were given in satisfaction of other indebtedness of the appellant than upon the note in suit. There is evidence to support the finding that the note in suit was not mentioned at the time the seventeen thousand dollar notes and mortgages were given, and that, aside from the notes in suit, the appellant was then indebted to the appellee in an amount greater than seventeen thousand dollars. We think the verdict has ample support in the evidence, and, finding no errors in the record, the judgment of the district court is AFFIRMED.