## [No. 1219.]

## Byers v. The Bellan-Price Investment Co.

1. Jurisdiction of Justice of the Peace.

The jurisdiction of a justice of the peace is determined by the amount sued for, and not the amount that might have been sued for. A creditor may remit a part of his claim and sue for the balance and if the remittance bring the amount within the jurisdiction of a justice of the peace he may sue in such court.

2. Promissory Note—Indorsement—Guaranty.

A promissory note made payable to the order of the maker was indorsed on the back as follows: " Pay to the order of           to whom, for value received, we or either of us, hereby guarantee the payment of the within note at maturity, or any time thereafter, with interest at the rate of 10 per cent. per annum from maturity

until paid, waiving demand, notice of non-payment and protest." Signed by the payee and several others. Since the payee was also the maker of the note its signature to the contract of guaranty was meaningless and did not alter the liability it assumed in executing the note, and the use of the words of transfer evidences the intention of the payee and explains its signature below, and as the intention to indorse is evidenced by the language used, *held* that the signature of the payee on the back of the instrument amounts to an indorsement in blank, and the plaintiff having possession of the note was *prima facie* its legal owner.

3. PROMISSORY NOTE—ATTORNEY'S FEE.

Where a promissory note stipulates for an attorney's fee in a certain amount to be taxed as costs in case suit is brought on the note, the holder may waive part of the fee so stipulated and claim the balance. It was proper to include the attorney's fee in the judgment on the note. A separate action could not be maintained for the attorney's fee.

*Appeal from the County Court of Arapahoe County.*

Mr. L. B. FRANCE, for appellant.

Messrs. STUART & MURRAY, for appellee.

THOMSON, P. J., delivered the opinion of the court.

This suit was brought by the appellee before a justice of the peace, upon a contract of the appellant guarantying the payment of a promissory note. The following is the note :

" $3000.00.          DENVER, COLO., January 18, 1895.

" Sixty days after date we, or either of us, promise to pay to the order of ourselves, three thousand and no 100ths dollars, for value received, at the office of The Bellan-Price Investment Company, Denver, Colo., with interest at 10 per cent. per annum from maturity until paid.

" In case suit is brought hereon, we agree that $200 attorney's fees shall be taxed as a part of the costs in the case.

" (Signed)

    " THE DENVER HARDWARE MANUFACTURING CO.,

        " By WM. N. BYERS, *President.*

" Attest :

    " R. A. GUTSCH, *Secretary.*"

On the back of the note appears the following :

" Pay to the order of ·                    , to whom, for value received, we, or either of us, hereby guarantee the payment of the within note at maturity, or any time thereafter, with interest at the rate of 10 per cent. per annum from maturity until · paid, waiving demand, notice of non-payment and protest.

" (Signed)

" THE DENVER HARDWARE MANUFACTURING CO.,

"BY WM. N. BYERS, *President.*

" WM. N. BYERS,

" FRANK N. BRIGGS,

" ARTHUR HATCH,

" R. A. GUTSCH,

"Attest :

" R. A. GUTSCH, *Secretary.*"

Between the date of the note and the commencement of· the suit, there was paid upon the note, at various times, as shown by indorsements on its back, the aggregate sum of $2,806.80. The amount claimed before the justice to be due, as shown by his transcript, was $275. The justice gave the plaintiff judgment for $246.80, from which the defendant appealed to the county court, where judgment was awarded against him for $274.20. He has brought the case here by appeal.

The errors alleged are that the amount claimed exceeded the jurisdiction of the justice, that the note and the indorsements thereon were improperly received in evidence, and that the judgment was excessive.

By sec. 1924 of the General Statutes, justices of the peace have jurisdiction in actions of debt, on bonds, contracts, agreements, promissory notes, and other instruments in writing, where the amount *claimed to be due* does not exceed $300. The amount which the plaintiff claimed was within the jurisdiction of the justice ; but it is argued that the test of the jurisdiction is not the sum for which judgment was

asked, but the amount which the instrument sued on showed to be due; and it appeared from the paper that the unpaid balance of the principal, together with the attorney's fee contracted for, exceeded $300. The effect of the argument is to deny to a creditor the right to remit a portion of his debt, and sue for the remainder. Certainly, he may do what he will with his own, so long as no injury results to others; and ordinarily he can release a part or the whole of his claim, without furnishing grounds of complaint to any one. It is not what he might have claimed, but what he did claim, that the jurisdiction must be measured by. *Raymond v. Strovel*, 24 Ill. 114. The justice had jurisdiction.

It is said that the legal title to the note could be transferred only by indorsement, and that this note was not indorsed, so that the plaintiff, not being the payee, could maintain no action on it in his own name; therefore, it is argued, the note was improperly admitted in evidence. It is probably true that an indorsement was necessary to enable the plaintiff to maintain the action before the justice in his own name, because the code provision that actions shall be prosecuted in the names of the real parties in interest, has no application to proceedings in justices' courts. But on the back of the note are the words, preceding the guaranty: "Pay to the order of            ," and below is signed the name of the payee. If the space left blank had been filled with the name of some person, this would have been an indorsement in full. There was no need of the payee's signature to the contract of guaranty, because it was the maker of the note, and a guaranty of payment by it would not increase, or in any way alter, the liability it assumed by executing the note. Only the payee could indorse the note so as to transfer the title, its signature to the guaranty of payment was meaningless, and the use of words of transfer, lacking only the name of the indorsee to make the note the property of a particular individual, evidences the intention of the payee, and explains its signature below. If the name of the indorsee had been inserted, the indorsement would

have been full; but as it was omitted, and the intention to indorse is evidenced from the words which were used, we must hold that the signature of the payee on the back of the note amounts to an indorsement in blank, and that the plaintiff, having possession of the note, was *prima facie* its legal owner.

An attorney's fee of $50.00,—the residue having been waived,—was included in the judgment, and it constitutes the excess complained of. The sole objection urged to the recovery of the fee is, that it could not be due until after the suit was brought, and therefore, was not recoverable in that action. The case of *Easter v. Boyd*, 79 Ill. 325, cited by counsel, seems to support his contention. But the contract was that if suit should be brought, the attorney's fee should be included in the judgment rendered in the case. It said "taxed as a part of the costs in the case." But a judgment includes costs, and no point is made upon this phraseology. We think judgment for the attorney's fee was properly awarded. It would be an unwarranted interference with the liberty of the citizen to deny him the right to enter into such contracts as he may see fit; and when a contract is not in contravention of public policy, or violative of any law, it is the duty of courts to enforce it according to its terms, when called upon for that purpose. The stipulation was that this attorney's fee should be recovered as part of the judgment in the case. A separate action could not, we think, be maintained for it. By a failure to embrace it in their suit on the note they would have lost the right to demand it. The great weight of authority is that in a case like this the amount due on the note, and the attorney's fee provided for, may be sued for at the same time, and recovered together. *Cook v. R. R. Co.*, 37 Iowa, 426; *Bank v. Manfg. Co.*, 45 Ind. 5; *Vipond v. Townsend*, 88 Wis. 285; *Bank v. Gay*, 114 Miss. 203; *Hildreth v. Williams*, 33 Pac. 1113; *Bank v. Anglin*, 6 Wash. 403.

Let the judgment be affirmed.

*Affirmed.*