SEBASTIAN LUDWIG v. E. A. BLACKSHERE, Appellant.

**Presumption of Payment:** FAILURE TO SUE AND ATTACH. An instruction, in an action on a claim due for many years, that, though defendant was a non-resident, his land at plaintiff's residence could have been subjected to payment, and therefore a presumption of payment arose from delay in suing, is properly refused, since such land could only have been reached by attachment suit, in which a bond is required.

FAILURE TO OBJECT. The failure of a seller in a bill of sale to object to the transfer of the possession of the goods from one agent of the buyer to another has no tendency to disprove his claim that the sale was on a credit and that it did not constitute a part of the consideration for the cancellation of notes and mortgages held by the buyer against him, in addition to the revenues of the land subject to the mortgages

**Evidence:** VALUE OF LAND. Evidence that the owner of land kept it on the market, for sale, from the time he purchased it, and as to the price for which he sold it, is inadmissible to show its value at the time of its purchase by him, in the absence of evidence to show what effort he made to sell the land or to find a purchaser.

SAME. Evidence of the value of land conveyed to a mortgagee in satisfaction of the notes and mortgages, is admissible on the question whether a bill of sale from the mortgagor to the mortgagee was upon an independent consideration or was part of the consideration for the cancellation of the notes and mortgages.

SUPERSEDED PLEADING. An original answer which has been super seded by an amended answer may be admissible in evidence as an admission of the facts alleged therein, subject to the right of the defendant to show that such facts were mistakenly or inadvertently pleaded.

**Recitals in Bill of Sale: PRESUMPTION.** An instruction that the giving of a bill of sale was presumptive evidence that the personalty sued for was paid for at the time of purchase and that the value thereof was the consideration stated, is properly refused where not all the personalty sued for was included in the bill of sale.

**Appeal: REVIEW OF INSTRUCTIONS:** *Exceptions.* No questions as to the giving of particular instructions is raised by a record showing that the court gave the "following instructions, which were duly excepted to by the defendant;" no exception being taken to particular instructions, or noted in the margin; and there being no claim that the charge, as a whole, is erroneous.

**ASSIGNMENTS.** No question is raised by exceptions to instruction taken by motion for a new trial within three days, as authorized by Code, section 2789, where the exceptions do not specify the grounds of objection as required by such statute.

**EXCEPTIONS IN MOTION FOR NEW TRIAL.** An assignment that the court erred in refusing to give certain numbered instructions, "and every one of them," is sufficient to present the refusal of each request, on appeal.

**REVIEW OF VERDICT.** The supreme court will not disturb a verdict if it is sustained by the evidence, although the court, sitting as jurors, might have reached a different result.

*Appeal from Linn District Court.*—HON. WILLIAM P WOLF, Judge.

SATURDAY, MAY 22, 1897.

PLAINTIFF, as assignee of James Adams, brings this action to recover the reasonable value of personal property alleged to have been sold by said Adams to the defendant in 1886. The record shows that the defendant has at all times since the sale been a resident of the state of Maryland. The answer is a denial that anything is due plaintiff. It is also alleged that plaintiff's said claim was paid to his assignor, Adams, in 1888; and, in another amendment, defendant pleads

that he paid for the property at the time of its purchase, and that a bill of sale for a portion of it was made by Adams to him, and avers that if any property was turned over to him which was not included in the bill of sale, the same was omitted therefrom by inadvertance. Plaintiff, in a reply, avers that the bill of sale was made for the purpose of conveying to the. defendant the legal title to the personal property therein described, and the only consideration for it was the promise of the defendant to pay for said property, as well as for other personal property described in the petition, the reasonable value thereof. There was a trial to the court and a jury, which resulted in a verdict for the plaintiff in the sum of one thousand five hundred and fifty dollars and costs. Defendant appeals.—*Affirmed.*

*Charles W. Kepler* for appellant.

*Charles A. Clark* for appellee.

KINNE, C. J.—I.  Adams owned four hundred and forty acres of land in Linn county, Iowa, upon which, in 1886, the defendant held mortgages in an amount exceeding ten thousand dollars.  Adams admits he deeded this land to the defendant in satisfaction of these claims; and defendant claims that in consideration of his delivering up to Adams his notes, and satisfying the debt, Adams agreed to and did deed the land to the defendant, and also turned over to him, as a part of the consideration, the personal property now in controversy.  The only point of contention is as to whether the said personal property was turned over in part satisfaction of the mortgages, as is claimed by appellant, or whether it was so turned

over to the defendant on his agreement to pay the reasonable value of it. On cross-examination the plaintiff sought to show by one Jordan, the agent of the defendant who had possession of this personal property, that when he turned it over to one Haines, who succeeded him as agent for the defendant, Adams made no objection to such transfer. Similar evidence was sought to be elicited from Haines. All of this evidence was excluded, and error is predicated upon the rulings with reference thereto. We think this evidence was properly excluded. On every theory of the case, the property had been sold and transferred by Adams to the defendant. Because, as Adams now claims, defendant had not yet paid him for the property, would be no reason for Adams to object to the placing of the same in the possession of another person as agent for the defendant. It continued in defendant's possession as before, and was just as available to Adams in satisfaction of his claim as if it had remained in the custody of Jordan. There was no reason, then, for Adams to say anything touching the matter of the change of custody from Jordan to Haines. Furthermore, the evidence of Jordan was properly ruled out as not proper cross-examination.

II. Complaint is made of certain rulings of the court upon the examination of Judge Thompson. While it would not have been improper to have permitted the judge to answer the questions objected to, still there was no abuse of the discretion vested in the court, because it appears that he had already, in substance, answered the same questions.

III. The court permitted the plaintiff to show the value of the land at the time the conveyance was made by Adams to the defendant, and these rulings are claimed to have been erroneous. While evidence

of the value of the land was not of controlling import-
ance, it was proper to go to the jury upon the
question of the probability of the personal prop-
erty having formed a part of the consid-
eration of the payment of the mortgage debt, inas-
much as the direct evidence touching that matter was
conflicting. *Johnson v. Harder*, 45 Iowa, 679; *Paddle-
ford v. Cook*, 74 Iowa, 434 (38 N. W. Rep. 137); *Lumber
Co. v. Smith*, 71 Wis. 304 (37 N. W. Rep. 412), and
cases cited.

IV. The original answer of the defendant was
introduced in evidence over his objection. This
answer pleaded a payment for the personal property
long after its purchase. It may be that the
allegations therein contained were not consist-
ent with those made in subsequent amend-
ments to the answer. If the original answer should
be deemed to have been superseded by the amend-
ments, still the original might be introduced in evi-
dence; and, if the facts so pleaded had been mistakenly
or inadvertently stated, the defendant had the right
to explain the circumstances under which they were
made. There was no error in the ruling. *Shipley v.
Reasoner*, 87 Iowa, 556 (54 N. W. Rep. 470).

V. It is said that the court erred in refusing to
permit the defendant to show that the land was on
the market from the time he got it until he sold it, in
1894, and how long he kept it before he found a pur-
chaser, and that twenty-seven dollars per acre
was the highest price he could get for it.
Whether or not the facts that defendant kept
the land on the market, and found no purchaser, until
1894, and then sold it for much less per acre than the
evidence of plaintiff's witnesses shows it was worth in
1886, are material, as tending to show the value of the
land in 1886, would depend upon facts not sought to be
put in evidence. Defendant did not offer to show

what, if any, effort he had made to sell the land or to find a purchaser.   While, under a proper showing, the offered evidence might have been material, and should have been admitted, yet, in view of the circumstances under which it was offered, we think it was properly excluded.

VI.   Appellant says the court erred in giving certain instructions to the jury.   Appellee insists that we cannot consider the question sought to be raised, as the record fails to show any proper exceptions to the giving of the instructions now complained of.   The abstract of appellant shows that the defendant excepted to the giving of every one of the instructions in the charge of the court, at the time they were given.   Appellee, in an amended abstract, says the only exceptions to instructions are found in the bill of exceptions, in the following language:   "The court then, on its own motion, read and gave to the jury the following instructions, which were duly excepted to at the time by the defendant. No exceptions to any of the said instructions are noted on the margin thereof."   Appellant, in a reply abstract, avers that the original abstract and appellee's amendment thereto constitute a full and complete abstract of the record.   It then appears that the exceptions, as shown by the bill of exceptions, go to the charge of the court as a whole; and as it is not claimed that the entire charge is erroneous, and no particular instruction is excepted to, it is clear such an exception is insufficient to raise any question for our consideration.   *McCaleb v. Smith*, 24 Iowa, 591; *Mershon v. Insurance Co.*, 34 Iowa, 88; *Cook v. Railroad Co.*, 37 Iowa, 426; *Bartle v. City of Des Moines*, 38 Iowa, 416; *Moore v. Gilbert*, 46 Iowa, 509; *Pitman v. Molsberry*, 49 Iowa, 339.   Appellant contends, however, that within three days after the return of the verdict he filed his motion for a new trial, in

which he pointed out specifically his objections to the instructions. Section 2789 of the Code, provides: "Either party may take and file exceptions to the charge or instruction given, or to the refusal to give any instructions offered, within three days after the verdict, and may include the same in a motion for a new trial, but in either case the exceptions shall specify the part of the charge or instructions objected to and the ground of the objection." The statute, it will be seen, provides that when exceptions are taken to instructions after the verdict, and in a motion for a new trial, such exceptions must specify the part of the charge objected to, and must state the ground of the objection. If it be conceded that the exceptions in the motion for a new trial sufficiently specify the portion of the charge objected to, there can be no claim that the grounds of the objections are stated. We have read with care the motion for a new trial, and it nowhere states any ground of objection to a single instruction given. Such an exception is not in compliance with the statute, and we cannot consider the questions presented which are based thereon. That exceptions to instructions not taken when they are given must specify the ground of objection, is not only the requirement of the statute, but has been held to be the law in many decisions of this court. *Parsons v. Parsons,* 66 Iowa, 754 (21 N. W. Rep. 570, and 24 N. W. Rep. 564); *Hale v. Gibbs,* 43 Iowa, 380; *Stevens v. Taylor,* 58 Iowa, 664 (12 N. W. Rep. 625); *Stanhope v. Swafford,* 80 Iowa, 48 (45 N. W. Rep. 403).

VII. Error is assigned as follows: "The court erred in refusing to give and read to the jury instructions 1, 2, 3, 4, 5, and 6, asked by the defendant, and every one of them." Exceptions were taken to the refusal to give these instructions when they were asked and refused, and assignments like that above set out have often been held sufficient

as to instructions asked and refused. *Sherwood v. Snow*, 46 Iowa, 481; *Hammer v. Railroad Co.*, 70 Iowa, 624 (25 N. W. Rep. 246); *Koenigs v. Railroad Co.*, 98 Iowa, 569 (65 N. W. Rep. 314), and cases cited. The defendant asked six instructions which were refused.

There was no error in refusing them. The first instruction was based upon the theory that the bill of sale raised a presumption that the personal property sued for in this action was settled for at the time, and that the consideration named in the bill of sale is presumptive evidence of the amount of the price agreed upon. Without expressing an opinion as to whether the instruction states the abstract proposition of law correctly, it would have been error, in any event, to have given it as worded, because it is not claimed that all of the personal property sued for in this action was embraced in said bill of sale. It was therefore misleading, and improperly assumed facts contrary to all of the evidence. The second and third instructions were properly refused. We think, under the holding in *Manning v. Meredith*, 69 Iowa, 430 (29 N. W. Rep. 336), that, had the second instruction omitted the reference to the defendant's ownership of the land, it might properly have been given. The third instruction was faulty, in that it said that the court had jurisdiction over the defendant's property in Linn county for the purpose of subjecting it to the payment of plaintiff's claim, notwithstanding defendant was a non-resident. Under this feature of these instructions, if given, the jury might well have concluded that if the defendant was indebted to Adams, as the latter claimed, he (Adams) might at any time, by an ordinary suit have enforced his claim against the defendant's property in Linn county, and hence the fact that he did not do so would be presumptive

evidence that his claim had been paid. The fact that the property of the defendant (he being a non-resident) could only be reached and subjected to Adams' claim by process of attachment, would go far, we think, to negative any presumption as to the payment of the claim which might otherwise arise from the lapse of time, coupled with the ownership of the property, which might, as in case of a resident, be taken for the payment of the debt without resorting to the extraordinary process of attachment. Because one who has a just claim against a non-resident who owns property in the county of the claimant's residence does not resort to a suit by attachment to secure it, is no reason for holding that a presumption arises that his claim has been paid or satisfied. To sue out an attachment, one must furnish a bond, and the uncertainties of the litigation which might follow such action are such that a failure to so act should not be held to raise any presumption against the holder of the claim against such non-resident. The circumstances of Adams may have been such that he could not give an attachment bond, and, if so, and the instructions had been given, his poverty would have been the means,—indirectly, it may be,—of raising a presumption that his claim had been paid. The fourth instruction asked, in so far as it was correct, was covered by the charge of the court. The fifth instruction asked states that there was no evidence that the claim had been assigned by Adams to the plaintiff, and therefore the jury must find for the defendant. It was wholly immaterial whether or not the pleadings admitted the assignment of the claim, as the defendant proved said assignment by Adams himself. The instruction was therefore properly refused.

VIII. Finally it is insisted that the evidence does not support the verdict. Sitting as jurors, it

is likely we should have reached a different result; but there was a plain conflict in the evidence, and it was for the jury to say who they believed had stated the facts correctly. There was sufficient evidence to sustain the verdict, and we cannot interfere.—Affirmed.